THE PEOPLE, Respondent, v. THOMAS L. GLEASON, Appellant.

Bills of exception must be signed by the Judge who tried the cause. The signature of one who does not appear as counsel of record in the Court below—when it does not appear whether such signature was obtained to witness the fact that the statement was correct, or merely to admit service of statement—cannot be received as a substitute for bill of exceptions.

Instructions which are filed with the indorsement of the Judge thereon as to his action in giving or refusing them, are a part of the record, and the action of the Court thereon may be reviewed without any formal bill of exceptions.

An instruction that the jury shall only consider the good character of the defendant when they have a reasonable doubt of his guilt, is not an erroneous instruction. It does not preclude them from considering the character of defendant in arriving at that state of doubt, but only amounts to an instruction that they must not acquit one clearly guilty because of his good character.

It was not error in the Court below, after defining involuntary manslaughter, to add: "The drawing of a deadly weapon, in a rude, angry and threatening manner, not in necessary self-defense, is an unlawful act within the meaning of our statute."

To convict one on trial for murder, it is necessary not only to prove the prisoner committed the offense charged, but committed it within the territorial jurisdiction of the Court and Grand Jury where the indictment is found. The defendant, under all circumstances is entitled to an instruction embodying this principle of law.

In a trial for murder, the good character of the defendant may be proved to explain the motive when the fact of the killing is not denied.

APPEAL from the District Court of the Third Judicial District of the Territory of Nevada, Lander County, Hon. P. B. LOCKE presiding.

The facts are stated in opinion.

*Garber & Hupp,* Counsel for Appellant.

*Geo. A. Nourse, Attorney General,* for Respondent.

Points and authorities of appellant:

The instruction in regard to character is bad, for two reasons. 1st. The jury are instructed only to regard evidence as to character, where there is a *reasonable doubt* of guilt, which is equivalent to instructing the jury they must only consider defendant's character in those cases where they would be bound to acquit without considering it. 2d. It was error to confine the effect of evidence as to character to those cases in

which there was a question as to the *identity* of the person who committed the act charged.    It should also have been admitted to explain the motive of the act charged.  ˙In regard to these points the following authorities were cited:  *Rex* v. *Steward*, 7 C. and P. 673 ;  Wharton's American Criminal Law, sec. 643–4;  Greenleaf on Evidence, vol. 3, sec. 25 ;  2 Russell on Crimes, p. 785–6 ;  *Hite* v. *State*, 2 Serg. 357 ;  *Wesley* v. *State*, 37 Miss. 352 ;  *State* v. *Henry*, 5 Jones' Law (N. C.) 65 ;  *Davis* v. *State*, 10 Georgia, 101.

*Second*—The Court erred in giving the instruction in regard to involuntary manslaughter, followed by the statement as to the illegality of drawing a deadly weapon, etc.    The connection of the two parts of this instruction were such as was calculated to mislead the jury into the belief that the drawing of a weapon in a rude, angry manner, etc., was doing an act which by statute is declared to be an unlawful act, which in its consequences naturally tends to destroy life. ·

*Third*—The Court erred in refusing to give the instruction in regard to the necessity of proving the place where the crime, if any, was committed.    The following authorities were cited on this point:  *Brown* v. *State*, 27 Ala. 47 ;  *Riggs* v. *State*, 26 Miss. (4 Cush) 51 ;  *State* v. *Colton*, 4 Foster (N. H.) 145 ;  *Manly* v. *People*, 3 Selden (N. Y.) 300 ;  *The People* v. *Halsey*, 3 Hill (N. Y.) 318 ;  Greenleaf on Evidence, vol. 3, sec. 143 ;  Starkie on Evidence, vol. 3, 1,230 and 460 ;  Russell on Crimes, vol. 3, p. 800 ;  Starkie on Evidence, vol. 2, 847 ;  9 East. 296 ;  Phillips on Evidence, vol. 1, p. 515 ;  Chitty's Criminal Law, 177 ;  *Rex* v. *White*, East. P. C. 780 ;  *Rex* v. *Woodward*, East. P. C. ;  *State* v. *Martin*, 3 Murphy ;  *Rex* v. *Owen*, Ry. and Wood. Cr. C. 118 ;  2 Mass. 14 ;  *Moody* v. *State*, 7 Blackford (Ind.) 424 ;  *Searcy* v. *State*, 4 Texas 451 ;  7 Cal. 395.

*Fourth*—The Court erred in commenting orally on the instruction as to character.  (Statutes of 1861, p. 472 ;  7 Cal. 246 ;  8 Cal. 341–344 ;  8 Cal. 433–4.)

The Attorney General filed no brief in this case.

Opinion by Beatty, J., full Bench concurring.

This was an indictment for murder, tried in Lander County about one year since, and recently appealed to this Court.

Several points are raised by the appellant, and a bill of exceptions in the case is referred to in support or explanation of each of the points.

What counsel refer to as a bill of exceptions cannot be recognized as such by this Court.

A bill of exceptions is a statement in writing of something which occurs during the progress of a cause which, to become a part of the record, must be settled and signed by the Judge. We cannot conceive that anything can be treated as a bill of exceptions which has not received the sanction of the Court.

The Judge's signature is absolutely indispensable. What purports to be a bill of exceptions here is signed by the counsel for the prisoner and John V. Watson, late deputy District Attorney for Lander County.

The case seems to have been tried in the Court below on the part of the people by a Mr. Jones, Prosecuting Attorney. Why the signature of Mr. Watson appears to this paper we are not aware. Whether he intended by signing the paper to acknowledge service thereof, or to admit that the statements therein contained were true, we are unable to say. But in either event we cannot accept the signature of Mr. Watson in lieu of the Judge's.

The statute is imperative that the bill of exceptions must be signed by the Judge. (See sec. 423 of the Criminal Practice Act.) Section 426 in the same Act provides that instructions given and refused need not be excepted to, or embraced in any bill of exceptions, but shall be filed with an indorsement thereon of the action of the Court in giving or refusing the same, and become a part of the record. It also provides that on appeal the action of the Court on these instructions may be reviewed.

Whilst, therefore, we cannot pass on all the points raised by appellant, there are several upon which we must pass.

The first point raised is, that the Court erred in giving this instruction :

" The good character of the defendant can only be taken into consideration when the jury have a reasonable doubt as to whether the defendant is the person who committed the offense with which he is charged."

There are two points of objection made to this instruction. The first is, that the jury being instructed in substance that the good character of the defendant .can only be taken into consideration when they have a reasonable doubt of his guilt, is equivalent to saying, you can only consider the good character of the defendant when the evidence, *exclusive of that in regard to character*, leaves such a reasonable doubt on your minds as will entitle the defendant to an acquittal.

We do not think that is the proper construction to put on that sentence.

In our estimation it rather means to inform the jury that however good a man's character may be, that alone will not entitle.him to an acquittal.

That they can only acquit when. a due consideration of all the testimony in the case, including that in regard to defendant's character, either. convinces them that defendant is innocent, or raises in their minds a reasonable doubt of his guilt. The next objection is, that the Court concludes the sentence in these words : " As to whether the defendant *is the person* who committed the offense, etc."

The complaint as to this part of the instruction is, that under the proof and character of the defense in this case, there was no question as to the person who committed the offense, if any was committed ; the only question was as to the character of the offense ; whether the killing of deceased was accidental or intentional, and if criminal, what was the grade of crime committed ?

It is contended that the defendant's character as a peaceable and quiet citizen, should have been considered by the jury in coming to a conclusion as to whether the shot fired was the result of intention or mere accident.

There is some conflict of authorities as to whether proof of a defendant's character can be produced under an indictment for murder to explain the motives of the killing, where the killing itself is not denied. We think that reason and justice

alike require that a defendant, with an established character as a peaceful, quiet and law abiding citizen, should have the benefit of that character, and all reasonable inferences to be drawn therefrom, when he is called on in a Court of justice to account for the killing of a human being.

But in this case the authenticated record does not disclose the circumstances of the case, the nature of the proof introduced, or the character of the defense. We therefore cannot say this was error. The next instruction complained of is one in which the Court, after defining involuntary manslaughter, adds:

"The drawing of a deadly weapon in a rude, angry and threatening manner, not in necessary self-defense, is an unlawful act within the meaning of our statute."

It is not contended that the definition of involuntary manslaughter, as contained in the instruction, is not correct, nor is it contended that the sentence we have quoted contains anything which is not law, but that the addition of the latter sentence to the definition of the crime was calculated to prejudice and mislead the jury; that it was equivalent to an intimation of opinion by the Court that a drawing of a pistol in a rude, angry and threatening manner, not in self-defense, was by statute the commission of an unlawful act, which in its consequences tends to destroy life, etc. We think no such inference could be drawn from the instruction. The only inference we think to be drawn from the instruction is, that the Court thought such an act would be unlawful. We see no intimation that it would be not only unlawful, but of a character to endanger human life. If there was proof in the case that defendant had drawn a pistol in a rude, angry and threatening manner, that a pistol had been discharged and a homicide committed, it was eminently proper to give that instruction to the jury. The commission of a homicide while in the performance of an unlawful act, is some offense against the law, and is one of which a defendant may be found guilty under an indictment for murder. Therefore the instruction was proper. The jury paying due regard to this instruction might find that the act of drawing the pistol under all the circumstances proved was a lawful act, simply an unlawful act,

or that it was an unlawful act tending to destroy human life. In the latter case, finding the prisoner guilty of murder; otherwise, of a lower grade of offense, or not guilty.

The next error complained of in regard to instructions is, that the Court refused to give the following instructions:

"Counsel for the defendant ask the Court to instruct the jury, that in order to convict the defendant in this case, it is necessary for the people to prove that the alleged offense was committed within the limits of Lander County, and that unless they believe from the testimony that such alleged offense was committed in said county, they must find the defendant not guilty."

It is well settled that the allegation of venue in a criminal case is a material allegation and must be proved. A Grand Jury of Lander County can have no jurisdiction of a case in Storey County. If a Prosecuting Attorney submits his case to a jury, without having proved the offense was committed in the county where it is alleged to have been, we cannot see anything for the jury to do but to acquit.

Before a conviction can be had in any case three propositions must be affirmatively made out by the prosecution. First—. that the offense charged in the indictment has been committed. Second—that it was committed within the territorial jurisdiction of the Court and Grand Jury where the indictment was found. Third—that the party on trial was the offender.

A failure to introduce satisfactory evidence on either of these points, before the case is finally submitted to the jury, is fatal to the prosecution.

We express no opinion here as to what should be the proper practice in case the Court discovers, before the case is finally submitted to the jury, that there has been an oversight or omission in failing to prove where the offense was committed, but merely what must be the effect of submission without such proof.

This being the well settled law, we see no reason why this instruction was refused. The phraseology seems to be unexceptional. There is no other instruction covering the same ground, and no apparent reason why it should not have been given. If the venue was proved satisfactorily, the instruction would

do no harm. If it was not proved clearly and beyond all doubt, the defendant had a right to argue the point to the jury of the insufficiency of the proof, and have it passed on by them.

In no case should the Court have assumed to judge of its sufficiency or insufficiency. If, in this case, the proof of venue was circumstantial, and not positive—in other words, if the proof of the offense having been committed in Lander County was sufficiently shown by a number of facts proven in the case, whilst no witness said in so many words it was in Lander County, and the Court was afraid the instruction asked would mislead the jury into the belief that venue must be proved by direct and not circumstantial evidence, the instruction asked should have been given; and further instructions given that venue, like anything else, might be proved by circumstantial evidence.

The simple refusal of this instruction seems to us to have been error, and however reluctant we may be to reverse cases on mere technicalities, which probably had nothing to do with the real merits of the case, we cannot, without a violation of all legal principles, refuse relief in such cases as this.

The judgment of the Court below must be set aside, and a new trial granted.