## FRANK FRIEL v. STATE.

No. A-1019.   Opinion Filed January 17, 1912.

(119 Pac. 1124.)

1.   **EVIDENCE — Admissibility — Character of Accused.**   Where a defendant is on trial charged with violating the prohibitory liquor law, it is error for the trial court to refuse to allow the defendant to prove his general reputation in the community in which he resides as to being a law-abiding citizen, and that the defendant did not have the reputation of being a whisky peddler, or a person engaged in the business of violating the prohibitory liquor law.

2.   **WITNESSES—Corroboration.**   Where the testimony of a witness is contradicted in the trial of a cause, it is competent, for the purpose of supporting his testimony, to introduce evidence as to the general reputation of the witness for truth and veracity.

(Syllabus by the Court.)

*Appeal from Canadian County Court; H. L. Fogg, Judge.*

Frank Friel was convicted of an unlawful sale of liquor, and appeals. Reversed and remanded.

*W. A. Maurer,* for appellant.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

FURMAN, P. J.  On the 26th day of November, 1910, appellant was found guilty by the jury of having unlawfully sold intoxicating liquors, and his punishment was assessed at a fine of $50 and 30 days' imprisonment in the county jail.

Upon the trial of this cause, it was proven that appellant owned and conducted a livery barn in Calumet, in Canadian county, Okla.  The prosecuting witness testified that he purchased a bottle of whisky from appellant at said livery barn on the date named in the information.  Appellant took the stand as a witness in his own behalf, and directly denied that he had sold the whisky as testified to by the prosecuting witness.  Appellant then placed a witness upon the stand who testified that he had been acquainted with appellant between six and seven years—ever since appellant resided in Canadian county, Okla.; that he lived on an adjoining farm to appellant, and was intimately acquainted with him.  Appellant then offered to prove by said witness that during this time appellant had enjoyed the general reputation in the community in which he resided of being a law-abiding citizen, and that the general reputation of appellant in that community for truth and veracity was good; that appellant did not have, and never had had, the reputation in the community where he resided and did business, of being a whisky peddler, or of selling intoxicating liquors.  The county attorney objected to all of this evidence, upon the ground that it was incompetent, irrelevant, and immaterial.  The objection was by the court sustained, and appellant was not permitted to prove his reputation touching these matters, to which ruling of the court appellant excepted.  Under the testimony in this case, we think that all of this evidence was material and should have been received.

The judgment of the lower court is therefore reversed, and the cause is remanded for a new trial.

ARMSTRONG and DOYLE, JJ., concur.