## AGNES GILBERT v. STATE.

No. A-1421.   Opinion Filed January 18, 1913.

Opinion on Rehearing Filed January 25, 1913.

(128 Pac. 1100., 129 Pac. 671.)

1. **EVIDENCE—Character of Accused.** Good character of a defendant as to the issue charged is always admissible and is material in the trial of a criminal case, not only as a matter of defense, but also as a matter of mitigation.

2. **TRIAL—Evidence—Objections.** Accused, on cross-examination of a state's witness, asked his opinion as to her reputation in the community with reference to the quality involved in the issue, to which the state objected because no proper foundation had been laid and because it was not proper cross-examination. Counsel admitted that it was out of order, but desired permission to prove it then to save time, to which the prosecuting attorney replied that the evidence was not admissible until accused had testified or until there was some showing of self-defense. **Held,** that such statement constituted a withdrawal of his objection that the evidence was not proper cross-examination and limited the objection to the special ground stated.

3. **HOMICIDE — Good Character — Evidence — Admissibility.** In a trial for murder, it is error for the trial court to hold that evidence of good moral character is not admissible until after a defendant has testified, or until after there was some show of self-defense.

4. **WITNESSES—Cross-Examination—Bias—Friendship.** It is competent on cross-examination to prove by a witness any fact which tends to show bias, prejudice, friendship, or enmity, or the relationship of the witness to one of the parties to the case.

5. **CONSTITUTIONAL LAW—Appeal—Harmless Error.** A fair trial when charged with crime is the birthright of every citizen of Oklahoma, it matters not how poor and humble a defendant may be, and, if this is denied him, the fact that no unfairness was intended by the trial court will not cure the error committed.

(Syllabus by the Court.)

*Appeal from Superior Court, Oklahoma County;*
*E. D. Oldfield, Judge.*

Agnes Gilbert was convicted of manslaughter in the second degree, and she appeals.   Reversed and remanded.

*Pruiett & Sniggs,* for appellant.

*Charles West,* Atty. Gen., for the State.

FURMAN, J.  W. D. Neff, a witness for the state, being upon the witness stand, was asked by counsel for appellant on cross-examination if he knew the general reputation of appellant for being a peaceable, quiet, law-abiding, hard-working citizen in the community in which she resided, to which counsel for the state objected upon the ground that the evidence was incompetent, irrelevant, and immaterial, because no proper foundation had been laid for the introduction of such testimony, and also upon the ground that it was not proper cross-examination.  Counsel for appellant stated that he knew he was out of order, but he desired permission to prove it now and save time, and asked if the county attorney insisted upon the objection that the evidence was out of order on this ground.  To which the prosecuting attorney replied, "This evidence is not admissible and never is admissible until the defendant has testified, until there is some show of self-defense."  This was equivalent to withdrawing the objection that this was not proper cross-examination and resting the objection upon the special grounds made.  The court sustained the objection upon this ground, and counsel for appellant excepted.

It is always permissible for a person charged with the crime of murder to offer his or her general reputation in the community in which he or she resides as being a peaceable, quiet, law-abiding citizen, and such testimony is not confined to cases where the doctrine of self-defense arises, neither is it necessary that the defendant should first take the witness stand to render such testimony competent.  Good character is admitted for two purposes: First, to raise the presumption that there must be some mistake in the testimony of the state, upon the ground that a person of good character would not have committed the crime charged, and for this purpose it may be sufficient to create in the minds of the jury a reasonable doubt of the defendant's guilt; second, it may be introduced in evidence for the purpose of mitigation, and it is always admissible for either one or the other of these purposes. It was therefore error for the trial court to sustain the objection

made upon the ground offered, viz., that such evidence was not admissible until after the defendant testified or until there was some evidence of self-defense. Under this ruling a defendant would be forced to take the stand and testify in his own behalf or offer evidence of self-defense by other witnesses before evidence of character would be admissible. This is not the law. It is not proper to reject any legal evidence upon the ground that the defendant has not testified. Such an idea is in direct conflict with our statute, which in express terms provides that the failure of the defendant to take the witness stand in his own behalf shall not raise any presumption of his guilt and must not in any manner be referred to during the trial. In this case the jury convicted appellant of manslaughter in the second degree, which entirely eliminated murder and manslaughter in the first degree and the doctrine of self-defense. The punishment for manslaughter in the second degree may be by imprisonment in the penitentiary or it may be by imprisonment in the county jail not exceeding one year, or by a fine not exceeding $1,000, or by both such fine and imprisonment. The jury might have assessed the punishment of appellant at imprisonment for one hour or by a fine of $1, or both; for, while manslaughter in the second degree is a felony, it may also be punished as a misdemeanor. The evidence of the character of appellant was therefore of the utmost importance in this case, and it was her legal right to prove it to be good by any reasonable number of witnesses.

It is true that appellant is only a poor washerwoman and is without friends, without influence and without money, and is dependent upon the charity of her attorneys for her defense; but she is a human being, and her rights are as sacred in the eyes of the law as though she were the wealthiest and most influential society favorite in Oklahoma. It is the duty of this court to see that the poor and friendless are fully protected in the enjoyment of the rights given them by the law.

The court did not err in the other rulings complained of.

For the error above pointed out, the judgment of the lower court is reversed, and the cause is remanded for a new trial.

ARMSTRONG, P. J., and DOYLE, J., concur.

## OPINION ON REHEARING.

FURMAN, J.   It is contended that the original opinion filed in this cause is not supported by the recitals in the record.

W. E. Neff testified as a witness for the state.   His examination in chief appears on pages 35, 36, and 37 of the case-made. The record then discloses that the following took place:   "Mr. Pruiett: I desire to ask the witness some questions which will be out of order, but I do it to save time, and to save bringing the witness back."   The witness was then asked if he was acquainted with the defendant.   The answer being in the affirmative, the witness was asked the further question:

"Q.   Are you acquainted with her general reputation for being a peaceable, quiet, law-abiding, hard-working, honest citizen in this community?   Mr. Moss: Objected to as incompetent, irrelevant, and immaterial, no proper foundation laid for the introduction of such testimony, and improper cross-examination."

If the matter had ended here, then the question for decision would have been as to whether or not new matter of this sort can be brought out on cross-examination.   The ancient rule was that this could not be done, but the English and Canadian courts and many of the courts of the American states now hold that, where a witness is placed on the stand to prove any fact, he may be cross-examined by the opposing side as to the entire case.   See *Rogers v. State, ante,* 127 Pac. 365.   It is not necessary, however, to discuss and decide this question now, because a further examination of the record will show that the objection that it was not proper cross-examination was waived, and that an entirely new objection was interposed and sustained by the court.

The record on this subject is as follows:

"Mr. Pruiett: Do they object on the ground that it is out of order?

"Mr. Moss: That evidence is not admissible, and never is admissible until the defendant has testified—until there is some show of self-defense.

"Mr. Pruiett: We except to the remarks of counsel, the prosecuting attorney, that that evidence is never competent unless the defendant testifies, and we now ask the court to instruct the jury that that remark is prejudicial to the rights of the defendant, and should not be considered by them.   If your honor please, who

ever heard tell of a lawyer saying that a defendant on trial for murder could not place before twelve triers her reputation for being a peaceable, law-abiding citizen when she is charged with murder.

"Mr. Moss: You hear it now from me.

"Mr. Pruiett: And, if you will find one decision, I will leave the courtroom, and turn the case over to you, if you will find one single decision that will support that rule, that the defendant must testify to make that evidence competent. But I say as a lawyer that testimony as to good reputation is always competent. The law books say that it is one of the most precious assets a citizen has when charged with crime. I am shocked at the idea of counsel claiming to represent the county of Oklahoma saying that testimony would not be competent. If he objects to it that at this time it is not competent, because out of order and not proper cross-examination, I agree with him, but I am offering it out of order to save time so we can get through with this case today. That is the only purpose.

"Mr. Hooker: The only object that testimony of—

"The Court: Proceed. The motion is overruled.

"Mr. Pruiett: Exceptions. If the court please, I don't want the court to commit error, but, if I can't in fifteen minutes show your honor where it is reversible error for a prosecuting attorney to make a statement of that kind, I will apologize to the court.

"The Court: We will take it up when we reach it.

"Mr. Pruiett: We will never reach it again by me. We will let it stand. What do you do with the objection?

"The Court: They have both been ruled on. The objection was sustained, and the motion overruled."

To all of which counsel for appellant reserved exceptions.

This is a verbatim copy of the case-made as approved by Mr. Moss, the assistant county attorney, and solemnly certified to by the trial judge, duly attested by the seal of his court. So it is seen that the record not only sustains all that was said in the original opinion touching this matter, but that it also shows further prejudicial error. We should have discussed this matter fully in the original opinion, but we have so many cases on hand which must be disposed of that we omit unnecessary discussion as far as possible. Mr. Wigmore lays it down as a rule to which the law recognizes no exception, that the good character of a defendant is always admissible in evidence in his behalf. See 1

Wigmore on Evidence, sec. 55. This court has repeatedly re-versed convictions because evidence of good character was not received in the trial court, and has always held that such evidence was essentially relevant. See *Le Roy Dickinson v. State,* 3 Okla. Cr. 155, 104 Pac. 923; *Frank Friel v. State,* 6 Okla. Cr. 532, 119 Pac. 1124.

We have never seen an authority sustaining the ruling com-plained of. The effect of this ruling was to inform the jury that evidence of good character would not be admissible and could not be considered until the defendant had testified, or until there was some show of self-defense. This is not, and has never been the law. To say that legal evidence should not be received in the trial of a criminal case until the defendant has testified violates the spirit and the letter of our statute, which provides that in a criminal case, if the defendant does not elect to testify, this cir-cumstance shall not be referred to during the trial, and that it shall not raise any presumption of guilt against him. We are unable to understand the reasoning which sustains this ruling. It certainly has no foundation in the just and fair laws of Oklahoma.

It is claimed that the error of the trial court was cured be-cause one witness was permitted to testify as to her good char-acter. But this was after appellant had been practically forced by this ruling to testify in her own behalf. There are two rea-sons why this does not cure the error previously committed: First, because the effect of this was to limit the testimony of good character to one witness. As was said in the original opinion, a party charged with crime has the right to prove any material fact by a reasonable number of witnesses. The second reason is be-cause the error in the ruling of the trial court had created in the minds of the jury a false standard by which this question should be decided, and had, in effect, told the jury that evidence of char-acter could not be considered by them unless the defendant should first testify, or unless the jury should also find that there was evidence of self-defense.

Upon a re-examination of this case, we find that on cross-examination appellant attempted to show that one of the principal witnesses for the state was a member of a fraternal secret society

of which deceased had been a member. This was not permitted by the trial judge, upon the ground that such evidence was immaterial, irrelevant, and incompetent. The law is that anything which tends to show bias, prejudice, friendship, or enmity, or the relationship of a witness to one of the parties to a case, is material, and may be inquired into on cross-examination for the purpose of affecting the weight to be given the testimony of such witness. See *Newton Henry v. State,* 6 Okla. Cr. 430, 119 Pac. 278. The weight to be given testimony is a question exclusively for the jury, but its admissibility is a question of law for the court. The trial court erred in not allowing appellant to question this witness upon this subject.

A fair trial, when charged with crime, is the birthright of every citizen of Oklahoma, it matters not how poor and humble the defendant may be or how numerous and influential those who are interested in the prosecution. We express no opinion as to the guilt or innocence of appellant. But it is manifest from the record that by the ruling of the trial court appellant was not allowed to introduce before the jury material and competent evidence which could and should have been considered by them in passing upon her guilt or innocence, and that appellant was practically forced by the trial court to take the stand as a witness in her own defense. We do not believe that any unfairness was intended, but we are dealing with results, and not with intentions.

The application for a rehearing is not well taken, and is denied.

ARMSTRONG, P. J., and DOYLE, J., concur.