## HALL v. STATE.

No. A-2357.    Opinion Filed September 18, 1915.

(151 Pac. 487.)

EVIDENCE — Character Evidence.    The weight to be attached to evidence of accused's good character as a law-abiding citizen depends upon the evidence itself and the nature of the charge; and hence it is an invasion of the province of the jury to charge that an acquittal cannot be rendered on evidence of good character.

(Syllabus by the Court.)

*Appeal from County Court, Okmulgee County;*
*Mark L. Bozarth, Judge.*

W. T. Hall was convicted of having unlawful possession of intoxicating liquor, with intent to sell the same, and he appeals. Reversed.

*Eaton & Cowley* and *Alf W. Anderson,* for plaintiff in error.
·*R. McMillan,* Assistant Attorney General, for the State.

PER CURIAM.    The plaintiff in error, W. T. Hall, was convicted at the August, 1914, term of the County Court of Okmulgee county, on a charge of having unlawful possession of intoxicating liquor, with intent to sell the same, and his punishment fixed at a fine of $50.00 and imprisonment in the county jail for a period of thirty days.    The serious error complained of in this case is the giving of the following instruction by the trial court:

"You are further instructed that the defendants in this action have offered proof as to their good character in the community in which they live as law abiding citizens.    Yet this fact does not entitle the defendants to an acquital in this case, but such facts as good character may be taken into consideration by the jury in determining the guilt or innocence of the defendant."

The attorney general has filed a confession in error, and among other things says that he does not think "that the foregoing instruction is the law of this state—that is, to limit the jury or invade the province thereof.    'The weight to be attached to evidence

as to character depends as much on the quality of character sought to be established as on the quality of the evidence produced on the opposite side and the nature of the charge. A character for honesty and integrity, such as that of Mayor Gaynor of New York, for instance, if offered on the part of the defendant charged with larceny, would cast reasonable doubt on any prosecution, no matter how strong the case might be. . In some instances in which guilt would be otherwise established beyond reasonable doubt, evidence of good character may justly produce an acquittal.' " And he cites Underhill on Evidence, section 80; *State* v. *Van Kuran,* 25 Utah 8, 69 Pac. 60; *Kee* v. *State,* 28 Ark. 155; *Douglas* v. *State,* 44 Kan. 618, 26 Pac. 479; *People* v. *Bell,* 49 Cal. 485; *Newsom* v. *State,* 107 Ala. 133; *State* v. *Douglass,* 18 So. 206; *People* v. *Friedland,* 37 N. Y. Supp. 974; *Friel* v. *State,* 6 Okla. Cr. 533 : 119 Pac. 1124; *Gilbert* v. *State,* 8 Okla. Cr. 543, 128 Pac. 1100, 129 Pac. 671; *Dickerson* v. *State,* 8 Okla. Cr| 151, 104 Pac. 923; *Cannon* v. *Territory,* 1 Okla. Cr. 600, 99 Pac. 624; *Stouse* v. *State,* 6 Okla. Cr. 415, 119 Pac. 271; *Wells* v. *Territory,* 14 Okla. 438, 78 Pac. 124.

The confession in error in sustained, and the judgment is . reversed, with direction to the trial court to grant a new trial.