## J. E. ERNST v. STATE.

No. A-2852.  Opinion Filed April 1, 1919.

Rehearing Denied Nov. 17, 1919.

(184 Pac. 793.)

1. **PARTIES TO OFFENSES—Banks and Banking—Illegal Loan by Officers—Statute—Accomplice—Intermediary.** E., at a time when he was cashier and managing officer of a bank existing under the laws of this state, entered into an agreement with H. for H. to borrow money from such bank for the joint use of E. and H. H. executed to such bank his note for the money borrowed, and E. executed to H. his note for one-half of the money so borrowed in H.'s name, and the money so borrowed was used for the joint benefit of E. and H. **Held:** (1) That section 270, Revised Laws 1910, prohibits only an active managing officer, or other officer of a state bank, from borrowing or loaning to an officer of such bank the funds of such bank, and does not apply to an intermediary used by an officer of such bank in obtaining such illegal loan from such bank. (2) That an intermediary used by an officer of a state bank in securing a loan prohibited by said section 270, Revised Laws, is not guilty of a criminal offense, and is not in law an accomplice of the officer illegally borrowing money in violation of said section. (3) That an officer of a bank, who through the agency and in the name of an intermediary is beneficially interested in money borrowed from a state bank in the name of such intermediary, is guilty of the offense denounced by said section 270.

2. **EVIDENCE — Reasonable Doubt—Previous Good Character—Punishment.** Evidence of previous good character may generate a doubt of guilt, where without such evidence no such doubt would exist, and may also, upon conviction, tend to lessen the punishment awarded; but, where there is legal evidence taken together with such good character showing the guilt of a defendant beyond a reasonable doubt, such previous good character cannot legally work out an acquittal.

3. **BANKS AND BANKING—Larceny—Sufficiency of Evidence.** The record in this case carefully examined, and found free from error, and that the evidence fully sustains the verdict and judgment rendered.

*Appeal from District Court, Jackson County;*
*Jesse M. Hatchett, Assigned Judge.*

J. E. Ernst was convicted of larceny under section 270, Revised Laws 1910, and he appeals. Affirmed.

*E. E. Gore* and *Everett Petry*, for plaintiff in error.

*S. P. Freeling*, Atty. Gen., and *R. McMillan* and *J. I. Howard*, Asst. Attys. Gen., for the State.

ARMSTRONG, J. The plaintiff in error, J. E. Ernst, hereinafter designated defendant, was informed against for the offense of larceny by having, while cashier and managing officer of the Citizens' Bank of Headrick, existing under the laws of this state, illegally and indirectly borrowed money from said bank, and was convicted and sentenced to imprisonment in the state penitentiary at Granite, for a period of one year and one month. To reverse the judgment rendered, he prosecutes this appeal.

The information in this case is exceedingly lengthy, and, from the view we entertain of it, we deem it unnecessary to set it out *in extenso*. The defendant demurred to the information, which demurrer, the court overruled, and the defendant excepted.

The uncontradicted evidence is that at the time of the alleged offense the defendant was the cashier and managing officer of the Citizens' Bank of Headrick and in entire charge of the loans of said bank, a banking corporation organized under the laws of this state, and that the defendant, acting in conjunction with J. R. Ham, indirectly borrowed money from said state bank; the borrowing and procedure by which said money was borrowed was only directly shown by the evidence of said Ham; that the said loan was made by agreement with the de-

fendant, negotiated in the name of Ham, with the agree-
ment that the sum so borrowed was to be used jointly by
Ham and the defendant, the defendant executing to Ham
his note for one-half of the sum so borrowed from said
bank. The notes given said bank by Ham for said loan
were introduced in evidence, and had noted thereon in
the handwriting of the defendant, "Half of joint money
used by Ham and Ernst for Altus property, owed to Citi-
zens' Bank," and on a note given by the defendant to Ham
there was noted, "Half of $250 note of J. R. Ham to Citi-
zens' Bank of even date."

There was also introduced in evidence letters in the
handwriting of the defendant to said Ham, then in New
Mexico, referring to the notes described in the informa-
tion in this case, and stating in said letters that the de-
fendant and Ham owed the bank considerable interest.

Entries on the books of said bank shown to be in the
handwriting of the defendant were also introduced in evi-
dence, showing a record of said notes described in the
information in this case executed to said bank by said
Ham.

Upon the conclusion of the evidence of the state, the
defendant demurred thereto, which demurrer the court
overruled, and the defendant excepted.

The defendant did not testify in his own behalf nor
offer any defense whatever to the offense with which he
was charged, except evidence as to his previous good
character as a man of honesty and integrity, which pre-
vious good character was not controverted by the state.

Forty-three errors are assigned by defendant and are
argued in defendant's brief in groups. Such numerous
errors and elaborate brief of defendant and his grouping

of such errors in the argument thereof, together with the fact that the case-made contains the record of two previous mistrials of defendant in this case, present a record for our consideration out of the ordinary and it has not only challenged our strict attention, but has received our most careful consideration.

We are, however, of the opinion that, notwithstanding the numerous errors assigned, only the following cardinal questions are presented by the record in this case which require our review to reach a proper disposition of this appeal:   (1) Is the information sufficient in this case to charge the offense of which defendant was convicted? (2) Is the person used by a managing officer of a bank existing under the laws of this state as an intermediary in securing a loan from such bank, under section 270, Revised Laws 1910, an accomplice of the said officer of such bank in such crime?  (3)  Was the witness Ham an accomplice of the defendant in this case, so that it was necessary to a legal conviction that his evidence be corroborated?

While the information in this case may be said not to be a model of correct drafting, that it contains repetitions, and in the hands of a skilled draftsman could be improved, we are still of the opinion that it sufficiently charges the offense of which defendant was convicted.  It does not charge two different offenses, and it sufficiently informs the defendant of the offense he was called upon to meet, so as to enable him to prepare his defense, and therefore the court did not err in overruling a demurrer thereto.

Every instruction given the jury by the court was excepted to by defendant, and, after a most thorough review of said instructions, we are forced to the conclusion that the law is properly stated by the said instructions, and

that said instructions are free from error. The defendant requested several instructions which the court refused to give, and the defendant duly excepted to such refusal. These requested instructions were either covered by the general instructions, or are based upon the proposition that Ham was an accomplice of defendant, and that defendant could not be legally convicted upon his uncorroborated evidence.

This prosecution is for a violation of section 270, Revised Laws 1910, which reads as follows:

"It shall be unlawful for any active managing officer of any bank organized or existing under the laws of this state to borrow, directly or indirectly, money from the bank with which he is connected; and the officer * * * authorizing a loan to any such person, as well as the person receiving the same, shall be deemed guilty of a larceny of the amount borrowed."

Defendant most earnestly insists that Ham was an accomplice of the defendant, and, unless his evidence was corroborated, the jury should have been instructed to, and should have, acquitted the defendant, and with this contention we are not in accord.

The law under which the defendant was convicted applies only to managing officers and those connected with the bank by whom the loan is made or received, and does not apply to an intermediary used in obtaining the loan, who is not in any wise connected with the bank making the loan, and therefore Ham was not an accomplice of the defendant, and it was not required that his evidence be corroborated to sustain the conviction in this case, and the court did not err in refusing to instruct the jury upon the law of accomplices.

The entire evidence in this case is uncontradicted and points unerringly to the guilt of the defendant as charged, and the trial court would have erred had he sustained the demurrer of the defendant to the evidence, or granted defendant's prayer for a directed verdict of acquittal. It is true that the law offers a premium for previous good character in the way of generating a doubt of the guilt of one accused, where without such previous good character such doubt would not exist, and, where conviction follows, tends to lessen the penalty imposed; but where the guilt of the defendant is clearly shown by undenied facts and no defense, other than technical objections, is made by the defendant, as in this case, such previous good character cannot be used as a shield and work out an acquittal of the guilty defendant.

The defendant had a fair and impartial trial, was ably defended in the trial court and represented with great zeal in this court, and the jury doubtless gave him the benefit of previous good character in fixing his punishment at imprisonment for one year and one month.

The motion for a new trial and the motion for arrest of judgment were each without merit and properly overruled.

Finding no prejudicial errors in the record, the judgment of the trial court is affirmed.

DOYLE, P. J., and MATSON, J., concur.