## LAKE OLIVER v. STATE.

No. A-3929.    Opinion Filed July 16, 1923.
(216 Pac. 488.)

(Syllabus.)

1. **Appeal and Error—No Right to Complain Where Punishment Assessed Was Within Purview of Two Statutes.** Where the facts proved are sufficient to sustain a conviction under the provisions of either of two penal statutes of like import, the defendant cannot complain where the punishment assessed was within the purview of both.

2. *Homicide—Assault with Intent to Kill—Character Evidence.* In a prosecution for an assault with intent to kill, evidence of the good character of the defendant, or of the quarrelsome, turbulent character of the other party to the affray, may be received and considered in mitigation of the punishment in order to determine the grade of the offense which may have been committed or the degree of punishment that should be inflicted.

Appeal from District Court, Caddo County; Will Linn, Judge.

Lake Oliver was convicted of assault with intent to kill, and he appeals. Modified and affirmed.

Morris & Jameson, for plaintiff in error.

The Attorney General and E. L. Fulton, Asst. Atty. Gen., for the State.

BESSEY, J. Lake Oliver, plaintiff in error, was charged with having committed an assault, with intent to kill, upon Henry C. Fiolle, by means of a deadly weapon, on October 2, 1918. By a verdict of the jury rendered on September 1, 1920, he was found guilty as charged and his punishment fixed at confinement in the state penitentiary for a period of one year and three months. From the judgment on this verdict he appeals to this court.

This charge grew out of the purchase of a secondhand automobile by the accused from the prosecuting witness, a

dealer in new and secondhand cars, who also in that connection maintained a repair department. It is claimed that the prosecuting witness guaranteed this car to be in good mechanical condition and good running order. Notwithstanding the terms of the guaranty, the accused, in common with many others, expected too much of a secondhand, built-over car. Soon after the purchase of the car, he found it was afflicted with all manner of mechanical and ignition infirmities, making its running operations erratic and undependable. Upon complaint of the accused, the vendor promised to adjust and replace the defective parts in his repair shop. The car was accordingly placed in the repair shop by the accused, and in the course of time a dispute arose over the amount of money charged for the parts and the repairs there made. Over the protests of the prosecuting witness the accused attempted to take the car from the shop without paying the full amount of the account claimed to be due the prosecuting witness. A fight ensued in which the accused seriously wounded the prosecuting witness with a butcher knife. From this evidence it seems possible that the accused had a real grievance of an aggravated nature, but manifestly he could not be justified under the law in thus redressing the wrong with a butcher knife.

There are but two alleged errors seriously urged in the brief of plaintiff in error: (1) That the verdict is not responsive to the charge; (2) that the court erred in instructing the jury as to the purpose and consideration of character evidence.

The charging part of the information is as follows:

"That one Lake Oliver, late of the county of Caddo and state of Oklahoma, on the 2d day of October, 1918, at and within the said county and state, did then and there intentionally, willfully, and feloniously and wrongfully and with the felonious intent then and there to kill one Henry C. Fiolle,

did then and there intentionally, wrongfully, and feloniously commit assault and battery upon him, the said Henry C. Fiolle, by means of a deadly weapon, to wit, a large, keen, and sharp butcher knife, by then and there cutting and stabbing him, the said Henry C. Fiolle, contrary to the form of the statute in such case made and provided and against the peace and dignity of the state of Oklahoma.''

This charge was probably predicated upon the provisions of section 1756, Comp. Stat. 1921, which reads as follows:

''Any person who intentionally and wrongfully shoots, shoots at, or attempts to shoot at another, with any kind of firearm, airgun or other means whatever, with intent to kill any person, or who commits any assault and battery upon another by means of any deadly weapon, or by such other means or force as is likely to produce death or in resisting the execution of any legal process, is punishable by imprisonment in the penitentiary not exceeding ten years.''

It might be claimed that the information was drawn under the provisions of section 1757, Id., which is as follows:

''Any person who is guilty of an assault with intent to kill any person, the punishment for which is not prescribed by the foregoing section, is punishable by imprisonment in the penitentiary for a term not exceeding five years, or in a county jail not exceeding one year, or by a fine not exceeding five hundred dollars, or by both such fine and imprisonment.''

It would be immaterial in this case which of these two sections of the statutes formed the basis of the prosecution, because the import of both sections is practically the same except that the penalty prescribed under the latter is not so great. The verdict rendered could be upheld under the provisions of either section.

The instruction of which particular complaint is made is as follows:

"You are instructed, gentlemen of the jury, that there has been permitted to be introduced in this case testimony with reference to the general reputation of the defendant in the community in which he resided for being a peaceful and law-abiding citizen is good. Also certain testimony with reference to the reputation of the prosecuting witness in the community in which he lived as being quarrelsome, vindictive, and overbearing; that is, being bad in that respect. All this evidence, gentlemen, is competent for your consideration and should be considered by you, together with all the facts, circumstances, and evidence in the case in determining who may or may not have been the probable aggressor in the difficulty, as well as the general consideration in arriving at the guilt or innocence of the defendant, but in this connection, gentlemen, you are instructed that if after a fair and impartial consideration of all the evidence in the case, including that as to good character of the defendant, the jury entertain no reasonable doubt of his guilt, they should convict, notwithstanding the evidence of good character, as it is not a justification or in mitigation of punishment for the commission of crime."

It is claimed that the concluding clause, "Former good character * * * is not justification or in mitigation of punishment for the commission of crime," is erroneous; that the testimony tending to establish that the accused enjoyed a good reputation as being a peaceable, law-abiding citizen, and the testimony tending to show a quarrelsome, turbulent disposition of the prosecuting witness, even where such evidence could raise no reasonable doubt of the commission of the offense, was admissible to be considered by the jury in mitigation of the punishment as prescribed by statute; and that the admonition to the jury that it could not be so considered was error and prejudicial to the accused.

In the case of Gilbert v. State, 8 Okla. Cr. 543, 128 Pac. 1100, 129 Pac. 671, it was held that good character of a defendant as to the issue charged is always admissible and is material

in the trial of a criminal case, not only as a matter of defense, but also as a matter of mitigation. This statement was made by Judge Furman, without the citation of any authority for his declaration that good character may be received and considered in mitigation of punishment. In this case the charge was murder, and the conviction was for manslaughter in the second degree.

That such evidence may be considered in mitigation of punishment was again held in Ernst v. State, 16 Okla. Cr. 507, 184 Pac. 793, a conviction for violating the state banking laws, an offense including no other degree of crime. Judge Armstrong, who wrote the opinion, cites no authority to support the doctrine that evidence of a defendant's good character may be considered in mitigation of punishment.

Likewise with the holding of this court in Williams v. State, 19 Okla. Cr. 307, 199 Pac. 400, where the defendant was convicted of rape in the first degree. The statements on this subject in all three of the last-mentioned opinions are brief and perfunctory, stating no reasons for the rule announced.

It has been held in a number of other states that evidence of the good character of the defendant may be received and considered in mitigation of punishment, in order to determine the grade of the offense which may have been committed or the degree of punishment which should be inflicted.

Commonwealth v. Cleary, 135 Pa. 64, 19 Atl. 1017, 8 L. R. A. 301, was a case where the commission of a homicide was conceded, but not the commission of murder in the first degree. The court said that in such a case the evidence of good character was entitled to come in and have its due weight; that if a man's good character is to avail him at all he could

not need it more than when a jury is deliberating upon the question of whether he had formed in his mind a deliberate intent to take human life.

In the case of People v. Gleason, 1 Nev. 173, where the defendant was accused of murder, a charge to the effect that good character can only be taken into consideration when the jury has a reasonable doubt as to whether the defendant is the person who committed the offense was held erroneous. The only consideration involved was whether the killing of the deceased was accidental or intentional, and, if criminal, what grade of crime was committed. The charge as given took from the jury the probative force of defendant's good character as to both issues.

In Rosenbaum v. State, 33 Ala. 354, an assault case, the court charged that the evidence of good character went only to the question of defendant's guilt. The reviewing court said:

"In prosecutions for offenses which consist of different degrees, as declared and defined by law * * * good character should be weighed by the jury in determining the degree of guilt."

In Aneals v. People, 134 Ill. 401, 25 N. E. 1022, it was laid down as a matter of substantive law that not only may the jury consider the evidence of good character upon the question of guilt, but if they feel constrained to find the defendant guilty it is proper to consider the same in mitigation of punishment. A like declaration of principle was approved in Hagood v. State, 5 Ga. App. 80, 62 S. E. 641.

Our own court, in Prather v. State, 14 Okla. Cr. 327, 170 Pac. 1176, a case where the defendant was convicted of murder and sentenced to death, in an opinion written by Judge Matson, said:

"Where the jury assesses the punishment, matters to be considered in mitigation or aggravation of the punishment may be properly received in evidence on the trial."

In this state the statutes prescribing the penalties for various crimes in most cases fix a minimum and a maximum widely divergent, and the jury in all cases, except upon a plea of guilty, may assess the punishment, and upon request of the defendant the jury are bound to assess the punishment, to the exclusion of the court, unless unable to agree thereon. In determining the punishment the nature of the offense and the attending circumstances should be considered, also the defendant's past record, the motives actuating the crime, or the fact that the accused has previously been convicted of similar offenses may properly be received and considered. If the evidence is barely sufficient to support the verdict, the jury may be justified in assessing a low degree of punishment. It has been held that the prevalence of a particular offense in the neighborhood and the necessity of severe measures for its suppression may properly be considered. 16 C. J. § 3211, Criminal Law, with cases cited.

But the failure or refusal of the court to instruct the jury that the defendant's good character may be considered in mitigation of punishment is not necessarily reversible error. A direct instruction to the jury not to consider such evidence for that purpose may also be without prejudice where it is apparent that the punishment is as light as the evidence under any reasonable construction would warrant. In this case the wound inflicted was serious and dangerous, and was inflicted without legal justification. However, on account of the aggravated nature of the events leading up to the commission of the offense, as shown by some of the evidence, the jury might have, except for the closing clause of the instruction complained of, assessed a lighter penalty. The judgment of the trial

court will therefore be modified and the punishment assessed at one year and one day in the penitentiary, and as so modified is affirmed.

DOYLE, J., concurs.

MATSON, P. J., absent and not participating.