CHARLES N. HINDS v. STATE OF NEBRASKA.

FILED JULY 10, 1931. No. 27772.

*Jack & Vette,* for plaintiff in error.

C. A. Sorensen, Attorney General, George W. Ayres, F. S. Howell and H. F. Matoon, contra.

Heard before ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ., and HORTH, District Judge.

EBERLY, J.

This proceeding in error involves a consolidation of two cases in the trial court. In the first, which will be designated for convenience as "Docket E, page 188," the defendant was charged in three counts as follows: In the first, with a violation of section 8-136, Comp. St. 1929, as an officer and director of the Hinds State Bank, by the issuance of bills payable in behalf of that institution in excess of the amount of capital stock and surplus of that bank; in the second count, the defendant, as an officer of that bank, was charged with making a false report, in that he made a report to the secretary of the department of trade and commerce on the 18th day of December, 1929, setting forth that the total amount of bills payable of said bank then outstanding was but $24,000, when in truth and in fact there were outstanding bills payable in the sum of $30,000; the third count embraced charges of false entries on the books of the bank with intent to deceive, etc.

In the second case, which was tried as a part of the consolidated case in the district court, and which will be distinguished as "Docket E, page 202," the defendant, as an officer of the Hinds State bank, is charged in two sep-

arate counts with borrowing money from said bank in violation of section 8-149, Comp. St. 1929. The trial resulted in a verdict of guilty as to all of the counts above referred to; motion for new trial was overruled; and the following sentence imposed: "Judgment of the court, in case E-188, on the first, second and third counts thereof, that defendant be sentenced to the penitentiary of the state of Nebraska from one to. five years at hard labor, Sundays and holidays excepted, solitary confinement to be no part of this sentence. Judgment of the court, in case E-202, on the first and second counts thereof, that defendant be sentenced to the penitentiary of the state of Nebraska from one to five years at hard labor, Sundays and holidays excepted, solitary confinement to be no part of this sentence. That the sentences in both cases, on all five counts thereof, run concurrently."

We have carefully examined the record made in the trial court. In case "Docket E, page 188," we find no prejudicial error whatever. The evidence is practically without dispute that at the times set forth in the information the defendant was the managing, executive officer of the bank, and in practical charge of its affairs; that the paid-up capital of the Hinds State Bank was then $20,000; that it had no surplus; that there were outstanding bills payable in the sum of $29,000; that these instruments had all been issued personally by the defendant as an officer of the bank; that there was entered on the books of the bank a record of but $24,000 of the $29,000 of outstanding bills payable; that in one of the reports to the secretary of the department of trade and commerce, made as charged in the information, the defendant reported as outstanding but $25,000 in bills payable of said bank, when in truth and in fact $30,000 of its bills payable had been issued and were then unpaid.

We do not overlook the contention made by the defendant in the trial below that, as to one of the $5,000 bills payable forming a part of the $29,000, it was executed by

him through oversight or mistake, and that the book entries, and the report based thereon, were made by him in good faith, and believed at the time to be true. Conceding, for the purpose of this discussion only, that the defendant's contention on this point, if sustained, would be, so far as the second and third counts above referred to are concerned, a complete defense, it cannot be so considered in view of the record presented for review. The trial court submitted this question of mistake to the jury, under appropriate instructions, and this controlling question of fact was determined by the jury against the contention of the defendant. The evidence in the record is sufficient to support the jury's finding. It follows that the verdict and sentence imposed under the three counts of the information in "Docket E, page 188," must be, and are, sustained.

In the second case, which is designated in the record as "Docket E, page 202," the defendant was convicted on two counts with violation of section 8-149, Comp. St. 1929, providing: "No officer * * * of any corporation transacting a banking business under this article shall be permitted to borrow any of the funds of the bank, directly or indirectly," under penalties therein prescribed. Defendant insists that the information in this respect, as an entirety, does not state facts sufficient to constitute a crime, and that the evidence in the record is wholly insufficient to establish a crime.

The entire transaction in respect to each of the three notes involved may be epitomized by the following excerpt from the information: "The said Charles N. Hinds, so being such officer and employee of said banking corporation, * * * then and there being, unlawfully and feloniously, directly and indirectly, did borrow and permit himself to borrow of the funds of said banking corporation the sum of $5,000, in that the said Charles N. Hinds gave his personal note and bills payable to the Beatrice National Bank, of Beatrice, Nebraska, * * * and for

which said note and bills payable the said ·Charles N. Hinds caused the said Beatrice National Bank to give credit in its books of account to said Hinds State Bank for the sum of $5,000, and that, as part of said transaction, and for the purpose of getting the benefit of said $5,000, as a loan to himself, the said Charles N. Hinds charged the Beatrice National Bank upon the books of the Hinds State Bank said sum of $5,000, and at said time credited himself on said books of said Hinds State Bank with the sum of $5,000."

A careful reading of the statute controlling convinces us that the defendant's contention must be sustained. The gist of this statutory offense is "the borrowing by a bank officer of the funds of the bank of which he is an officer." Webster's New International Dictionary, among other definitions of the word "borrow," gives the following: "To receive from another on a pledge or security given for its return or the return of an equivalent; to receive with the implied or expressed intention of returning the identical article or its equivalent in kind;—the opposite of lend. * * * To make one's self indebted for; to appropriate; to take, receive, or derive." See, also, *State v. School District* No. 4, 13 Neb. 82. Therefore, as quoted, the statutory language implies the following: (1) Lending by the bank involved to the borrowing official, either directly or indirectly. (2) On the part of the delinquent officer, it implies making himself indebted for; to appropriate; to take, receive or derive, funds of the bank lending to him, either directly or indirectly. (3) It involves the diminishment of the "funds of the loaning bank" to the extent of the loan made. It must, in other words, amount to a debtor and creditor transaction in which the delinquent officer is the ultimate debtor, and the bank involved the ultimate and real creditor. The situation as set forth in the information, as well as in the testimony embraced in the record, does not establish any of these necessary elements. There are but three parties involved in the instant

case—the Beatrice National Bank, the Hinds State Bank, and Charles N. Hinds, the defendant. The contract for the loans are wholly represented by the three promissory notes executed by the defendant payable to and accepted by the Beatrice National Bank of Beatrice, Nebraska. These contracts vested the Hinds State Bank with no rights, and imposed on it no liabilities. These notes were lawful contracts between the parties thereto. The fact that the defendant Hinds was an officer and director in the Hinds State Bank did not in any way interfere with his right in his own private behalf to negotiate these loans, nor to make a lawful deposit in the Hinds State Bank of the funds received as a result of the three notes. Whether his deposit thus made was within the protection of the guaranty law is not in any manner involved in the present situation. It must be admitted, aside and apart from this feature, that there is no statutory provision which inhibits what was actually done in this case.

At least after the loans had been secured and the execution of the necessary papers incident thereto accomplished, the defendant was entitled to receive from the Beatrice National Bank the consideration expressed in his contracts. Certainly at his election he could have demanded this money in cash, and could have physically transported it from Beatrice to Odell and physically deposited it in the Hinds State Bank at that place. But, as shown by the evidence in the record, as well as set forth in the statements of the information in this transaction, the defendant simply made use of the established methods of exchange, and of doing business in modern times. He deposited the consideration received for each of his three notes given to the Beatrice National Bank in that bank to the credit of the Hinds State Bank. The Hinds State Bank, notified of this, accepted the credits and in return credited the defendant as a depositor to the extent of the credits it received from the Beatrice National Bank, and the defendant received from the Hinds State Bank the pro-

ceeds of the loans thus made. When we analyze the result, it must be conceded: (1) That the defendant was at all times, and still is, the sole debtor to the Beatrice National Bank on each of the three notes held by it. (2) The Beatrice National Bank is the sole lender to the amount of the consideration of the notes to the defendant. (3) The Hinds State Bank is not in any manner liable on the indebtedness to the Beatrice National Bank, nor is the defendant in any manner liable to the Hinds State Bank, and the Hinds State Bank is liable to defendant only as a depository bank to the depositor to the extent of the deposit actually made. The loanable funds of the Beatrice National Bank have been actually decreased in the exact amount of the loans made to this defendant. The Hinds State Bank has its loanable funds intact, and wholly unaffected by the transactions. In other words, every dollar of funds and property possessed by the Hinds State Bank, at the inception of the transactions, it had after defendant Hinds had received from it all of the moneys deposited in the manner set forth. Therefore, it follows that, the Hinds State Bank not being the lending bank, not being a party to the loan contracts, and not having its loanable funds or its property in any manner diminished or affected by the transactions, such transactions cannot be said to fall within the purview of the criminal statute sought to be invoked in the present proceeding.

Furthermore, while in no way involved in the charges under consideration, the evidence does not sustain the conclusion that any of the notes referred to and embodied in this information were actually paid by the funds of the Hinds State Bank.

It therefore follows that the trial court erred in overruling the objections to the validity of the information, and in overruling the challenge of the defendant to the sufficiency of the evidence presented in this case. The verdict and sentence imposed by the district court under counts 1 and 2 of the information filed in case known as

"Docket E, page 202," are therefore set aside and annulled, and the proceeding as to these counts dismissed.

AFFIRMED IN PART, AND IN PART REVERSED AND DISMISSED.