## H. T. DOUGLAS v. STATE.

No. A-8771. May 17, 1935.
Rehearing Denied June 7, 1935.
(47 Pac. [2d] 215.)

Chapman & Chapman and Embry, Johnson, Crowe & Tolbert, for plaintiff in error.

J. Berry King, Atty. Gen., and Scott A. Ferris, for the State.

EDWARDS, J.   Plaintiff in error, hereinafter called defendant, on a change of venue from Pottawatomie county, was convicted in the district court of Lincoln county of larceny in borrowing money from a bank while active managing officer thereof, and was sentenced to serve a term of 15 years in the state penitentiary.

The prosecution is under section 9187, Okla. St. 1931, which in substance provides that an active managing officer of a bank borrowing money, either directly or indirectly, from a bank with which he is connected, shall be deemed guilty of larceny of the amount borrowed. The information alleges that defendant was an active managing officer of the Canadian Valley Bank of Asher, a state bank; that he borrowed $2,500 from said bank by causing to be charged into its loans and discounts a note in said amount, and caused the proceeds therefrom to be transferred from said bank to the Shawnee National Bank, where it was credited to the account of one P. Y. Jolly, and was then transferred to the account of defendant and one N. Douglas. In support of the charge, the state introduced evidence in substance that defendant was a director and the president of the Canadian Valley Bank, and largely controlled and directed its affairs. That he was a stockholder in numerous other banks and business concerns, including the Shawnee National Bank, of which he was a director, the president, and managing officer. Also, with N. Douglas, a brother, he was owner of the Citizens' Loan & Investment Company. That A. J. Shorney and P. Y. Jolly were employees of the Shawnee National Bank. That Shorney owed a note of $5,000 to a bank at Alto, Tex., which note was payable to defendant and N. Douglas, and was endorsed by defendant and was secured by certain shares of the Shawnee National Bank, which had been sold to Shorney by defendant. This note was past due, and the Texas bank was demanding payment, and it was necessary the note be protected. That Shorney had some outstanding obligations at the Canadian Valley Bank, and no more of his paper could be used there, so it was understood that defendant would raise the $5,000 necessary to clear the Shorney paper, and that $2,500 of the amount would be

procured from the Canadian Valley Bank and the remainder at other banks. That a note was prepared, signed by Jolly and placed in the assets of the Canadian Valley Bank. That bank then placed to the credit of Jolly the sum of $2,500, which was at once transferred to the Shawnee National Bank, and on the same day transferred to the account of defendant and N. Douglas. That, at the time Jolly executed the note, Shorney made an assignment to him of the stock held by the bank at Alto, Tex., as security for his note. Defendant then sent the check of himself and N. Douglas to the Texas bank for the sum of $5,000 to pay the Shorney note. At the time they had no money in their account to meet the check, except as proceeds from the Jolly notes. That neither Shorney nor Jolly received any of the proceeds from this note. Under the state of facts above set out, the state contends the transaction constitutes an indirect borrowing by defendant of $2,500 from the Canadian Valley Bank. That Jolly was a puppet, and the use of his name a mere convenience and subterfuge to circumvent the provisions of the statute.

Defendant first contends the information is insufficient to charge a public offense. That its averments are of lawful and innocent acts, and the elements of criminality attempted to be pleaded are mere conclusions of law. The information alleges an indirect borrowing as recited above. It is not a model, but it sufficiently alleges the essential facts with such particularity as to apprise defendant with what he is charged and to protect him from jeopardy from any other prosecution growing out of the same acts. That is all the law requires. Whitfield v. State, 37 Okla. Cr. 37, 256 Pac. 68.

It is not denied that defendant was an active managing officer of the Asher bank. Under the evidence as to

the authority exercised by him in the management of the bank, he was an "active managing officer" within the meaning of section 9187, Okla. St. 1931. Witte v. State, 35 Okla. Cr. 204, 249 Pac. 968.

Defendant next argues the evidence does not show a borrowing by him, but shows he acted as an agent for the partnership of H. T. and N. Douglas; that the partnership was a legal entity, separate and distinct from defendant; that the statute should not be construed to apply to a member of a partnership. This is interwoven with the further contention that the evidence discloses a fatal variance between the proof and the charge, citing Heaton v. Schaeffer, 34 Okla. 631, 126 Pac. 797, 43 L. R. A. (N. S.) 540; Holmes v. Alexander, 52 Okla. 122, 152 Pac. 819, Ann. Cas. 1918D, 1134; Sharpe v. Wright, 88 Okla. 16, 211 Pac. 70; Bearman et al. v. Bracken et al., 112 Okla. 237, 240 Pac. 713; Hassen v. Rogers, 123 Okla. 265, 253 Pac. 72; Ernst v. State, 16 Okla. Cr. 507, 184 P. 793; Appelget et al. v. State, 33 Okla. Cr. 125, 243 Pac. 251; Kent v. Quicksilver Mining Co. et al., 78 N. Y. 159; Murphy v. Penniman, 105 Md. 452, 66 A. 282, 121 Am. St. Rep. 583; Farmers' State Bank v. Youngers, 56 S. D. 7, 227 N. W. 371; Hinds v. State, 121 Neb. 508, 237 N. W. 617.

Touching the matter of variance, the argument is in substance that there was no borrowing in the legal sense from the Canadian Valley Bank; that the transaction was a discount of an item of commercial paper by Jolly, which was payable to himself; that by this discount transaction defendant did not become a debtor of the bank and was under no obligation to pay; that, if the transaction should be considered an indirect borrowing by the partnership composed of defendant and N. Douglas, the prosecution properly should be under section 9199, Okla. St. 1931,

which defines a felony in the making of a loan or advance of the funds of a bank by any officer, employee, or agent to any person, firm, company, or corporation with whom he is directly or indirectly associated in business, without the written authority or consent of all the board of directors.

Section 9199, Okla. St. 1931, is section 4184, C. O. S. 1921. It was enacted in 1913 (Sess. Laws, c. 22, § 18). Section 9187 was first enacted in 1907 (S. L. 1907-1908, c. 6, art. 1, § 14). By this act the borrowing by an active managing officer of a bank is larceny, but no special penalty is provided. The penalty was therefore fixed by the general larceny statute. In 1923 this section was amended and a special penalty was provided, fixing a minimum of 5 years and a maximum of 15 years' imprisonment. Sess. Laws 1923, c. 137, § 1. Section 9187 applies only to an active managing officer of a bank. Section 9199 applies to all officers, employees, and agents, and does not not specifically mention an active managing officer. It may be that defendant might have been prosecuted under either of these statutes. They are pari materia. Both define a special larceny under the Banking Law. Section 1774, Okla. St. 1931, is in part as follows:

"An act or omission which is made punishable in different ways by different provisions of this code, or other penal statute, may be punished under either of such provisions. * * *"

In State v. Bunch, 23 Okla. Cr. 388, 214 Pac. 1093, in syllabus 2 it is held:

"As between specific statutes prescribing different penalties for any offense, the state may elect to try an offender under either statute."

See, also, Binghman et al. v. State, 44 Okla. Cr. 258, 280 Pac. 636.

Defendant was the payee and owner of the Shorney note until it was discounted at the Texas bank. He was personally liable thereon by reason of his indorsement. This note was paid in part by the moneys procured from the Canadian Valley Bank on the Jolly note. Defendant received the beneficial interest by being relieved of his personal liability. The fact that N. Douglas was associated with defendant as a partner would not materially alter the fact that under the proof the indirect borrowing was by defendant. The statute forbids an active managing officer of a bank borrowing directly or indirectly from a bank with which he is connected. This statute is broad enough to reach an active managing officer who creates or is a member of a partnership and who borrows in the name and for the benefit of the partnership. In Sharpe v. Wright, supra, in syllabus 3 it is said:

"Where S., a director and cashier of a bank, formed a partnership with P., and such partnership engaged in the business of buying and selling horses, and S. loaned P. various sums of the bank's money, and also loaned other parties funds of the bank with which to purchase horses from such partnership, and where the profits of such partnership were divided between S. and P., held, that S. was not entitled to retain said profits for himself, but they belonged to the bank, and he was bound to surrender the same to the bank."

This court in Ernst v. State, supra, in the first syllabus held:

"E., at a time when he was cashier and managing officer of a bank existing under the laws of this state, entered into an agreement with H. for H. to borrow money from such bank for the joint use of E. and H. H. executed to such bank his note for the money borrowed, and E. executed to H. his note for one-half of the money so borrowed in H.'s name, and the money so borrowed was used for the

joint benefit of E. and H.  Held: (1) That section 270, Revised Laws 1910, prohibits only an active managing officer, or other officer of a state bank, from borrowing or loaning to an officer of such bank the funds of such bank, and does not apply to an intermediary used by an officer of such bank in obtaining such illegal loan from such bank. (2) That an intermediary used by an officer of a state bank in securing a loan prohibited by said section 270, Revised Laws, is not guilty of a criminal offense, and is not in law an accomplice of the officer illegally borrowing money in violation of said section.  (3) That an officer of a bank, who through the agency and in the name of an intermediary is beneficially interested in money borrowed from a state bank in the name of such intermediary, is guilty of the offense denounced by said section 270."

Complaint is also made that the court erred in refusing instructions requested by defendant and in giving certain instructions.  In effect the requested instructions embody the contention that, if the jury find the borrowing was by the partnership and not by defendant individually, they should acquit.  Complaint as to the instructions given is directed to the contention just discussed that the prosecution should be under section 9199, and that, since the instructions are applicable to section 9187, they are contrary to law, confusing, and misleading.  We deem it unnecessary to set out the different requests and the instructions given.  Under the view of the law we have taken, we are satisfied the instructions fairly cover the law of the case and are free from prejudicial error.

Some other assignments of error are argued.  They have not been overlooked, but have had the attention of the court, but they are not considered of sufficient importance to require special discussion.  Under the entire record, we are of the opinion the punishment assessed is ex-

cessive; that the judgment should be modified by reducing the term of imprisonment from 15 years to 8 years.

As modified, the case is affirmed.

DAVENPORT, P. J., and DOYLE, J., concur.