THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* FRANK P. ELLIOTT, Appellant.

| 163 | 11 |
| s172 | 147 |
| s172 | 153 |

1. WITNESS — IMPROPER CROSS-EXAMINATION BASED UPON FACTS NOT IN EVIDENCE. Permitting the prosecution in a criminal trial, on cross-examination, and against defendant's objection, to ask witnesses to his good character what they would say upon that point, if it appeared by a decree of limited divorce, which was not in evidence, but from which the district attorney read in constructing his question, that defendant had been guilty of cruel and inhuman conduct towards his wife and daughter, and had threatened to kill them, is an error, not cured by the rejection of the decree when subsequently offered in evidence, for which a judgment of conviction must be reversed.

2. WEIGHT TO BE GIVEN GOOD CHARACTER. Upon such a trial, it is reversible error for the court to refuse to charge that the jury may, in the exercise of sound judgment, give the defendant the benefit of previous good character, no matter how conclusive the other evidence may appear to be, and that the character of the accused may be such as to create a doubt in the minds of the jury and lead them to believe that the other evidence is false.

*People* v. *Elliott*, 43 App. Div. 621, reversed.

(Argued March 21, 1900; decided May 1, 1900.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered October 20, 1899, affirming a judgment of the Chenango County Court entered upon a verdict convicting the defendant of the crime of rape in the second degree.

The facts, so far as material, are stated in the opinion.

*John P. Wheeler* for appellant. It was error for the court to refuse to charge the several requests of the defendant in

regard to the evidence of good character. (*Remsen* v. *People*, 43. N. Y. 6; *People* v. *Friedland*, 2 App. Div. 332; *People* v. *Wileman*, 44 Hun, 187.)

*W. B. Matterson* for respondent. The defendant was not prejudiced by the charge of the trial court on the question of good character. (*People* v. *Hughson,* 154 N. Y. 153.)

Bartlett, J. The defendant stands convicted of the crime of rape in the second degree, committed upon the person of his daughter, thirteen years old.

The Appellate Division unanimously affirmed the judgment of the trial court, and we are consequently confined to the consideration of alleged legal errors duly raised by exceptions relating to the reception or rejection of evidence and the charge of the trial judge.

It is the duty of a court. of last resort to see to it that a person charged with crime is accorded an impartial trial and the enjoyment of every legal right. In a case like the one before us, where the indictment charges a heinous and unnatural offense, it is most difficult to secure an absolutely fair trial.

The learned Appellate Division wrote no opinion. We have examined the record with care, and find that it discloses reversible error.

In the course of the trial it appeared, in a general way, that some twelve years prior to this indictment, the defendant's wife sued for a limited divorce on the ground of cruel and inhuman treatment; that the defendant, under advice of counsel, interposed no defense and judgment was entered against him; that for about ten years before the present charge the defendant and his wife lived together again in the marital relation. At the close of all the evidence the district attorney offered the judgment roll in the divorce suit in evidence, but the trial judge excluded it.

The defendant produced a number of witnesses who testified to his good character. The district attorney in cross examining two of these witnesses was allowed, over the defend-

ant's objection and exception, to ask this question: "If it should develop that a judgment of the Supreme Court of this state had granted a divorce on the ground of cruel and inhuman treatment, and in that judgment it stated 'That at the house of Reuben Bixby in the village of Greene, and at other places in the village of Greene, the defendant struck, kicked, choked, injured, and had frequently threatened to kill the plaintiff and said child, Grace B. Elliott, and the treatment and conduct of the defendant to and towards the plaintiff during said time has been cruel and inhuman, and such that it is improper and unsafe for the plaintiff and defendant longer to live together as husband and wife.' If that was attested as a fact in the Supreme Court, what would you say as to this man's character being good or bad?"

This clearly incompetent question was highly prejudicial to the defendant, placing, as it did, before the jury that particular portion of the former judgment upon which the prosecution laid stress. At this stage of the trial the judgment had not been offered in evidence, and there was nothing before the court to show that the document quoted from was in fact the duly authenticated record of the Supreme Court. The subsequent refusal of the trial judge to admit the judgment in evidence did not cure this error, as the question was allowed to stand, and its effect upon the minds of the jury remained unbroken. It was competent for the district attorney to ask the witnesses, who had testified to defendant's good character, whether they had heard of the divorce proceeding, and, if so, whether it qualified to any extent their previously expressed opinion as to defendant's good character.

It would also be proper for defendant to show, in reply to this cross-examination, that since the judgment he and his wife had voluntarily resumed marital relations.

The second legal error is found in the refusal of the trial judge to charge as to the weight the jury might, in their discretion, give to the evidence of defendant's previous good character.

In the main charge the trial judge said: "It is true that

good character weighs for something, and it should weigh
when a man is charged with crime. I leave it to you to say
to what extent the evidence convinces you with reference to the
good character of the defendant and what weight that char-
acter, as it is established, should have upon your considera-
tion of this case."

This language is exceedingly general and is well enough so
far as it goes, but falls short of clearly stating to the jury the
weight they could, in their discretion, give to evidence of
good character.

At the close of the charge the defendant's counsel requested
the court to charge as follows : " I ask the court to charge the
jury that the character of the accused may be such as to create
a doubt in the minds of the jury and lead them to believe, in
view of the improbability of a person of such character being
guilty, that the other evidence is false."

The court declined to so charge, except as charged, and the
defendant duly excepted.

This refusal was obvious error, as defendant was entitled
to have the jury distinctly instructed that good character will
sometimes of itself create a doubt when without it none would
exist. (*Cancemi* v. *People*, 16 N. Y. 501; *Stephens* v. *Peo-
ple*, 4 Park. 396 ; *Commonwealth* v. *Webster*, 5 Cush. 295;
*Remsen* v. *People*, 43 N. Y. 9.)

The court had been previously requested by defendant's
counsel to charge as follows: " I ask the court to charge the
jury that the jury may, in the exercise of sound judgment,
give the person the benefit of previous good character, no
matter how conclusive the other testimony may appear to be."

The court in response charged : " I leave it to the jury to
say what weight good character should have in determining
the question of the defendant's guilt or innocence. I think it
is a proper subject for their consideration."

Exception was taken to the refusal to charge as requested.

The vice of this ruling is the same as in the one already
considered. The jury were not clearly informed as to their
power in the exercise of a sound discretion.

The defendant was entitled to the charge as requested, without change or comment.

In *Remsen* v. *People* (43 N. Y. at page 8) this court said : "There is no case in which the jury may not, in the exercise of a sound judgment, give a prisoner the benefit of a previous good character. No matter how conclusive the other testimony may appear to be, the character of the accused may be such as to create a doubt in the minds of the jury, and lead them to believe, in view of the improbabilities that a person of such character would be guilty of the offense charged, that the other evidence in the case is false, or the witnesses mistaken. An individual accused of crime is entitled to have it left to the jury    *    *    *    whether he, if his character was previously unblemished, has or has not committed the particular crime alleged against him. (2 Russ. on Crimes, 785.) The weight of the evidence is for the jury alone to determine. (3 Greenl. on Ev. § 25)."

A late utterance of this court is to the same effect. · "Good character may create a doubt against positive evidence, but this doubt against positive evidence is created only when, in the judgment of the jury, the character is so good as to raise a doubt as to the truthfulness or correctness of the positive evidence. In such a case the prisoner must be given the benefit of the doubt." (*People* v. *Hughson*, 154 N. Y. at page 164.)

The judgments of the Appellate Division and the Trial Term should be reversed and a new trial ordered.

MARTIN, VANN and CULLEN, JJ., concur ; PARKER, Ch. J., GRAY and WERNER, JJ., concur for reversal upon the sole ground that the trial judge erred in refusing to charge as requested, "that the character of the accused may be such as to create a doubt in the minds of the jury and lead them to believe    *    *    *    that the other evidence was false."

Judgment of conviction reversed, etc.