## J. C. TEAGARDEN v. STATE.

No. A-5942.    Opinion Filed March 8, 1926.
(244 Pac. 63.)

A. J. Carlton, for plaintiff in error.

George F. Short, Atty. Gen., and Houston B. Teehee, Asst. Atty. Gen., for the State.

DOYLE, J.    This is an appeal from a judgment of the superior court of Pottawatomie county rendered on the verdict of a jury finding appellant guilty of assault

with intent to rape, and fixing his punishment at imprisonment in the penitentiary for a term of three years.

The errors assigned and relied upon for a reversal are as follows: That the verdict is contrary to the law and contrary to the evidence, and is not sustained by either law or the evidence, and that the court erred in refusing to give instruction requested by defendant.

The information charges that in said county July 22, 1925, J. C. Teagarden made an assault upon the person of Katherine Sheckler with the felonious intent then and there to have and accomplish an act of sexual intercourse and to carnally know her, she being a female person of the age of 10 years, and not the wife of him the said Teagarden.

The facts which the evidence tend to show are: That the child, 10 years old, went with a Sunday school party to what is known as the Ozark swimming pool in the city of Shawnee. That she was accompained by her little 6 year old brother. That some distance north of the swimming pool she met defendant, a man aged 42 years, who at that time was with a carnival located a little south of the swimming pool. About the noon hour prosecutrix was accosted by defendant with the salutation "Hello, pretty girl." In the conversation following she said to defendant, "I wish I had some money," and he invited her to come to his tent at the carnival ground where he would give her a dime, and explained to her where to come. Defendant went on to his tent. Prosecutrix, as directed, went to defendant's tent with her little brother. That defendant was sitting on a box, and asked her to come over to where he was, which she did. Defendant asked her to let him feel of her. That he took hold of her, and put his hand under her dress upon her private parts, and held her for

about half an hour. Then he gave her a dime, saying: "Well, you better be going," and told her to take her brother home and slip back, and he would give her a quarter. The children went home, and prosecutrix told her mother of defendant's conduct. The mother told her husband, and he went to the carnival grounds, taking prosecutrix with him, where she pointed out defendant to her father, who assaulted defendant with a pair of pliers, and committed a battery upon him.

As a witness in his own behalf, defendant testified that he did not take the liberties with the person of prosecutrix as testified to by her; that he was the manager of a branch of the carnival wherein was exhibited a South Sea Island wild woman, who in the course of her act ate wild food, such as chickens and pigeons, and it was a part of his duty to supply that live food; that on the date alleged he was in quest of pigeons, and met several children, whom he asked to furnish him with pigeons, offering to pay therefor 10 to 25 cents for each pigeon, and in returning to the carnival grounds met prosecutrix and her brother; that he offered to purchase pigeons from her, and she indicated that she could secure them; that he directed that she bring them to his tent, and they went to the tent, with him, but did not go inside of the tent; that he talked with her about buying pigeons from her, and gave her a dime as earnest money, that, placing his hand on her head, he remarked, "You are a cute little girl, and you remind me of my own little girl"; that in addition to this payment he promised to give prosecutrix and her mother passes to the show; that he did not see her again until that evening, when he asked her if she had brought the pigeons, and at that time her father assaulted and beat him.

The court refused to give the following instruction

requested by counsel for defendant, and allowed exception:

"Before you can convict the defendant of the offense charged in the information, you must find from the evidence, beyond a reasonable doubt, not only that the defendant placed his hands upon the person of the prosecuting witness, Kathryne Sheckler, and took indecent liberties with her person, but you must further find from the evidence, beyond a reasonable doubt, that the defendant, when he committed the said acts, if you find he did so commit them, intended to have sexual intercourse with the said Katherine Sheckler at that time, and not at some future time, and, if you find from the evidence, or have a reasonable doubt thereof, that the defendant at the time he placed his hands upon her, the said Katherine Sheckler, if you find that he did so place his hands upon her, did not intend at that time to have sexual intercourse with her, although he may have intended at some future time to have sexual intercourse with her, you will find the defendant not guilty of assault with intent to commit rape. If you should, under the evidence and these instructions, find the defendant not guilty of an assault with intent to commit rape, it will then be your duty to find whether he is guilty of the included offense of assault and battery, and in this connection the court instructs you that, if you find from the evidence, beyond a reasonable doubt, that the defendant did place his hands upon the said Katherine Sheckler, and did take indecent liberties with her person, such acts constitute an assault and battery, and if you so find, it will be your duty to find the defendant guilty of assault and battery, and so say by your verdict."

It is undoubtedly the law in this state that one who lays his hands upon a female under the age of consent, with the intent and for the purpose then and there to accomplish an act of sexual intercourse with her, is by so doing guilty of an assault with intent to commit rape, even though he does not use or intend in any event to use any force or violence, and the female

in fact offers no resistance whatever, or even expressly consents to all that he does. The offense is complete when he has thus laid his hands upon her with the intention of then and there accomplishing such purpose, and it is entirely immaterial that he subsequently voluntarily desists without accomplishing his purpose. Lee v. State, 7 Okla. Cr. 141, 122 P. 1111.

While it is not necessary in such cases that force should be used or resistance made, and that it is of no consequence that the female consents, the existence of a specific intent in the mind of defendant then and there to have carnal connection with the female is an essential element of the crime of assault with intent to commit rape.

As said in People v. Dowell, 99 N. W. 23, 136 Mich. 306:

"The intent is the gist of the offense, and every laying on of hands upon a female under the age of consent, even though improper, does not necessarily imply an intent to have sexual intercourse. Indecent liberties may be taken with a child without any such intent."

In such cases laying of hands upon the female and the intent to have intercourse with her must concur as to time. 33 Cyc. p. 1435.

In the case of Patrick v. People, 24 N. E. 620, 132 Ill. 534, it is said:

"To constitute an attempt to commit rape upon a female under the age of consent, the intention to know the girl carnally must have existed in the mind of the accused at the very time when he did the overt act or acts, for there can be no attempt to commit a crime unless the intent to commit it exists at the time when the attempt is made."

And see, I Wharton, Crim. Law (11th Ed.) par. 215.

It will be observed that the instruction requested also submits the issue of the included offense of assault and battery, which issue the court failed to submit to the jury in the instructions given. It is the well-settled rule in this state that, where there is evidence tending to prove the commission of an offense, which is necessarily included in the offense charged, it is error for the trial court to refuse to instruct the jury of their right to convict of the lesser offense. Clark v. State, 6 Okla. Cr. 100, 116 P. 200.

In Tayrien v. State, 33 Okla. Cr. 231, 242 P. 1061, the defendant was charged and convicted of the crime of assault with intent to rape. We held that under the evidence in that case it was reversible error to refuse to submit the issue of assault and battery.

Assuming the facts to be as shown by the testimony of the prosecutrix that defendant fondled her, put his hands under her dress, and, without unbuttoning her drawers, placed his hand upon her private parts, and that in connection with his lascivious and lustful conduct nothing was said by him except that he would give her a quarter if she would come back and visit him, we are of opinion that the refusal of the trial court to give the instruction requested constitutes reversible error.

This is sufficient to determine this appeal, but, in view of the fact that judgment was rendered September 10, 1925, and defendant was committed to the penitentiary pending the determination of his appeal, and has served six months of the sentence, and considering the weakness of the evidence tending to show the essential specific intent, the judgment of conviction will be reversed, with direction to dismiss, and the warden of the penitentiary is directed to discharge defendant, J. C.

Teagarden, upon receipt of a certified copy of the mandate of this court from the trial court.

BESSEY, P. J., and EDWARDS, J., concur.