## M. T. KITCHEN v. STATE.

No. A-9457. July 14, 1939.
(92 P. 2d 860.)

424

Floyd Wheeler, of Okmulgee, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for the State.

DOYLE, P. J. M. T. Kitchen was tried, convicted and sentenced to imprisonment in the penitentiary for a term of ten years. This defendant has been twice tried. The judgment of conviction of rape in the first degree at the first trial was reversed by this court. 61 Okla. Cr. 435, 69 P. 2d 411. At the second trial a judgment of conviction was entered October 18, 1937.

Omitting superfluous words in the information, it charges that, in Okmulgee county, on the 6th day of March, 1936, the said M. T. Kitchen did unlawfully, willfully and feloniously make an assault upon the person of Nellie Mae Herndon, with the felonious intent to rape and have sexual intercourse with her, and the said M. T. Kitchen did then and there unlawfully, feloniously and with force and violence, rape, ravish and have sexual intercourse with the said Nellie Mae Herndon, a female person under the age of 14 years and not the wife of the defendant.

The verdict, omitting formal parts, reads:

"We, the jury, do upon our oaths find the defendant M. T. Kitchen, guilty of an attempt to commit rape in the

first degree as charged in the information herein and fix his punishment therefor at ten years with a recommendation that he be not paroled or pardoned."

Counsel for the defendant present three grounds for the reversal of this judgment: Error in overruling the defendant's demurrer to the evidence; failure of the trial judge to follow the decision of this court on the first appeal in charging the jury and in refusing to give instructions requested; that the verdict of the jury is contrary to both the law and the evidence, and was the result of passion and prejudice against the defendant, and not the result of cool and deliberate judgment on the part of the jury.

The record shows that the same witnesses who testified on the part of the state and on the part of the defendant at the first trial testified at the second trial. A substantial statement of their testimony is set forth in the former opinion of this court.

In addition to her testimony on the first trial, Mrs. Fay Kitchen, wife of the defendant, testified that she had two or three milk customers, including her mother, and sometimes the milk would spill on the floor of the car; that returning from the courthouse that evening in the car she noticed that the only spots on the floor of the car were the milk spots.

The victim of the alleged assault was a colored girl. She did not testify, although she was over nine years of age at the time of the trial, and the record is silent as to why she was not called as a witness. It was admitted, however, that she made no complaint of any injury and told no one that the defendant had in any way assaulted or mistreated her, and there was no evidence of injury to her person.

At the close of the evidence for the state the defendant interposed a demurrer thereto, and moved for a directed verdict on the ground that the same was insufficient to show the commission of the offense charged, in that the evidence

does not show or tend to show that there was any specific intent to commit the offense charged. Overruled. Exceptions.

It appears that the defendant had resided in and around Okmulgee for the past 27 years, was married and lived with his wife and four daughters, the oldest twelve and the youngest two; that he had never before been charged with any offense, either felony or misdemeanor; that he was a World War veteran, and had been a citizen of good repute, and the state put in no evidence to rebut that; as to his previous good character, that he had been employed for the past seven years by the Texas Pipe Line Company; that for a few weeks prior to the date alleged he had been ill with influenza, and a part of the time confined to his bed; that whisky had been prescribed by his physician as a remedy for influenza; that on the date alleged he left home to go to the Texas Company yards on the east side of Okmulgee to get a post-hole digger, to use in fencing his chicken lot; that when he reached Muskogee avenue, he stopped at a place to get some whisky. The fellow there gave him a sample drink, so he bought a pint, and told the fellow he wanted it for medicinal purposes. In the course of conversation he took possibly two or three drinks; when he started to go the fellow said he only had another pint left and would take 50 cents for it. He took the pint, went out to his car, and drove south on the avenue; that he did not remember turning off Muskogee avenue; that he had no recollection as to where he went or what he did; that he did not remember the little girl or driving out to the country club; that the first thing he remembers was being here in the county jail; that he had drunk whisky a few times before and would not remember what he had done.

Amentia, temporary confusional insanity, sometimes the sequel of infectious fevers, was one of the defenses sought to be made.

This court has held repeatedly that it has no power to reverse a judgment of conviction upon the ground that the

verdict is not supported by the evidence, unless there is no substantial evidence tending to show the guilt of the defendant, or the evidence fails so far to support the verdict that the necessary inference is that the jury must have acted from passion or prejudice, or have been controlled in reaching their verdict by undue influence. However, it must appear that the jury have been properly instructed as to the law of the case; and where the instructions do not fully present all the material issues raised, the judgment of conviction will be set aside.

After a careful consideration of this case, both as to the law and the evidence, we are brought to the conclusion that at least two of the grounds relied upon for a reversal are well founded.

The Code of Criminal Procedure provides that:

"The jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged, or of an attempt to commit the offense." Section 3097, 22 Okla. St. Ann. § 916.

An attempt to commit a crime is defined in Penal Code, sec. 1822, 21 Okla. St. Ann. § 42.

We do not deem it necessary to consider the assignments of error predicated upon the instructions given and those refused further than to say that the court failed to properly instruct the jury on the law of attempt as defined by section 1822, St. 1931, 21 Okla. St. Ann. § 42.

One of the instructions the defendant requested is as follows:

"You are further instructed that in a prosecution for assault with intent to rape, that the specific intent must be proved to your satisfaction beyond a reasonable doubt, and if you entertain a reasonable doubt as to the intent of the defendant, you cannot find him guilty of assault with intent to rape."

In instruction No. 16, the court said:

"If you believe beyond a reasonable doubt that the defendant did knowingly, willfully, unlawfully, and feloniously attempt to commit the crime of rape upon the said Nellie Mae Herndon, and in such attempt did any act towards the commission of such crime, but that he failed or was prevented or intercepted in the perpetration thereof, and that said Nellie Mae Herndon was then and there a female person under the age of fourteen years, and not the wife of the said defendant, and that said defendant was then and there a male person over the age of eighteen years, then you may convict the defendant of an attempt to commit the crime of rape in the first degree and assess his punishment therefor at imprisonment in the state penitentiary for a term not exceeding one-half of the natural lifetime of said defendant."

It will be noted that the language of the court is, "and in such attempt did any act towards the commission of such crime"; the court should have added, "with intent then and there to commit the crime of rape upon said Nellie Mae Herndon."

The intent is the gist of the offense, and every laying of hands on the female under the age of consent, even though improper, does not necessarily imply an intent to have sexual intercourse. Indecent liberties may be taken with a child without any such intent. The statute recognizes this in providing a penalty for taking indecent liberties with a female child without intent to commit the crime of rape. Penal Code, sec. 1769, 21 Okla. St. Ann. § 22; West v. State, 27 Okla. Cr. 125, 225 P. 556.

The specific intent to commit rape is an essential element both of attempt to rape and of assault with intent to rape.

In Teagarden v. State, 33 Okla. Cr. 394, 244 P. 63, it was held that in a prosecution for assault with intent to commit rape on a female child under the age of consent, it was not necessary to allege or prove that the acts were done against her will, and that it was immaterial whether she consented, submitted, or resisted. To the same effect,

see Lee v. State, 7 Okla. Cr. 141, 122 P. 1111; Bouie v. State, 9 Okla. Cr. 345, 131 P. 953.

An assault with intent to rape, or an attempt to commit rape, includes every element of the crime of rape except its accomplishment. The felonious intent is the essence of the offense. It is elementary when a specific intent is required to make an act an offense, that the doing of the act does not raise a presumption that it was done with the specific intent. Intent, which is essential to support conviction of an attempt to commit rape, cannot be presumed, but must be shown to exist by competent evidence and beyond a reasonable doubt.

In Teagarden v. State, supra, we said [33 Okla. Cr. 394, 244 P. 64]:

"While it is not necessary in such cases that force should be used or resistance made, and that it is of no consequence that the female consents, the existence of a specific intent in the mind of defendant then and there to have carnal connection with the female is an essential element of the crime of assault with intent to commit rape.

"As said in People v. Dowell, 136 Mich. 306, 99 N. W. 23:

" 'The intent is the gist of the offense, and every laying on of hands upon a female under the age of consent, even though improper, does not necessarily imply an intent to have sexual intercourse. Indecent liberties may be taken with a child without any such intent.'

"In such cases laying of hands upon the female and the intent to have intercourse with her must concur as to the time. 33 Cyc. p. 1435.

"In the case of Patrick v. People, 132 Ill. [529] 534, 24 N. E. [619] 620, it is said:

" 'To constitute an attempt to commit rape upon a female under the age of consent, the intention to know the girl carnally must have existed in the mind of the accused at the very time when he did the overt act or acts, for there can be no attempt to commit a crime unless the intent

to commit it exists at the time when the attempt is made.' And see, 1 Wharton, Crim. Law. (11th Ed.) par. 215."

Specific intent may be inferred from acts. It may be shown like many other facts from surrounding circumstances; circumstantial evidence sometimes is very strong and yet falls short of proof sufficient to prove the corpus delicti.

All of the circumstances must be consistent with the theory of the defendant's guilt; none of those circumstances must be inconsistent with his guilt; the circumstances when taken together must admit of no other reasonable hypothesis than that of guilt.

In this case there had been no proof of the specific intent to commit the crime of rape, one of the essential elements of the crime, except by a very remote and uncertain presumption, although the proof may have been sufficient to show that the defendant committed an assault upon the person of the prosecutrix.

Another objection to the given instructions is the one on evidence of previous good character and reputation, wherein the court said: "and if, after properly considering the same, in connection with all the other evidence in the case, you entertain a reasonable doubt of the defendant's guilt, you should find him not guilty; however, if you are satsified from the evidence beyond a reasonable doubt of the defendant's guilt, you should not acquit him upon the ground of his good character and reputation alone."

The vice of this instruction is that the jury were not clearly informed that good character may create a reasonable doubt as to whether such person would commit the crime charged, where otherwise no doubt existed, and that proof of good character may lead the jury to disbelieve the testimony against the defendant no matter how conclusive such testimony may be. Hall v. State, 12 Okla. Cr. 20, 151 P. 487.

In People v. Elliott, 163 N. Y. 11, 57 N. E. 103, 104, 15 Am. Cr. Rep. 42, a case of rape, the Court of Appeals held:

"The accused had the right to have the jury instructed, that good character may create a reasonable doubt as to whether such person would commit the crime charged, where otherwise no doubt existed, and that proof of good character may lead the jury to disbelieve the testimony against the accused, no matter how conclusive such testimony may seem to be."

And see Wells v. Territory, 14 Okla. 436, 78 P. 124, 125; Carney v. State, 29 Okla. Cr. 83, 232 P. 451; Kirby v. State, 25 Okla. Cr. 330, 220 P. 74, 33 A.L.R. 1212.

After the jury had retired to deliberate upon their verdict, they were returned into open court and in the presence of the defendant the following proceedings were had:

"The Court: Now, state your question so the reporter can get it in the record. A Juror: I asked what the finding of the jury was before and also what the Criminal Court of Appeals said about it. The Court: Let the record show that the information was asked by one of the jurors and the attorneys for each side say they have no objection to the court telling them. Gentlemen, with that understanding, I am going to tell you: The other jury found him guilty of rape in the first degree and fixed his punishment at 40 years in the state penitentiary. As to what the Criminal Court of Appeals said about it, I think all that is necessary to read to you is the third syllabus of the mandate. It says, 'Emission without penetration is not sufficient to constitute the consummated crime of rape.' Is that satisfactory to you or do you want the mandate? A Juror: That is sufficient to me. The Court: That is the only question the Criminal Court of Appeals reversed it on, the question of penetration. Mr. Wheeler: That the evidence wasn't sufficient. The Court: Certainly. They wouldn't have had this syllabus there if they hadn't have held that there wasn't sufficient evidence on the question of penetration. The case was remanded here for new trial, and you are now trying him."

Thereupon the jury, in charge of their sworn bailiff, retired to the jury room to deliberate upon their verdict.

The question asked was wholly improper and the court's statement in answering the question could not be otherwise than highly prejudicial to the substantial rights of the defendant.

Upon a careful inspection of the record, we think the information in the case, to which no objection was made, charges rape in the first degree, as defined by first subdivision, and rape in the first degree as defined by fourth subdivision, of sec. 2515, 21 Okla. St. Ann. § 1111, and the allegations are so mingled and included in one count as to make the information duplicitous.

It will also be noticed that the verdict recited that the defendant was guilty as charged in the information, and the inclusion in the verdict of the recital "with a recommendation that he be not paroled or pardoned," was obviously improper and prejudicial to the defendant.

Under the statute, sec. 3100, St. 1931, 22 Okla. St. Ann. § 919, it was the duty of the court when the verdict was returned in the form it was, to direct the jury to return to the jury room and consider a proper form of verdict. However, the record shows that the defendant did not call the court's attention to this recital before the jury was discharged.

On a careful examination of the record and considering the proceedings on the trial, we are inclined to think that the defendant was prosecuted with unusual severity, if not with malignity. It seemed to have been forgotten that the defendant was presumed to be innocent until convicted, and that the law of the land guarantees to every one accused of crime, whether rich or poor, a fair and impartial trial. The safeguards erected by the Constitution and laws of our state are intended to protect the rights of all citizens alike. They protect the rights of the guilty as

well as those of the innocent. This court cannot give its sanction to the conviction of any person accused of crime where the proceedings upon which the judgment is based shows that the accused did not have that fair and impartial trial to which he was entitled to under the law.

No man ought to be convicted of a crime upon mere suspicion, or because he may have had an opportunity to commit it, and where circumstances are relied upon for a conviction, they ought to be of such a character as to negative every reasonable hypothesis except that of the defendant's guilt.

For the errors indicated, we are without doubt as to the propriety and necessity of reversing the judgment, and we are of the opinion that the evidence is not sufficient to support the verdict and judgment. The judgment is, therefore, reversed and the cause remanded to the district court of Okmulgee county, with direction to dismiss.

It appears from the record that the defendant was unable to give bond pending the determination of his appeal, and was committed to the penitentiary. It is, therefore, ordered that the clerk of this court forthwith forward to Jess F. Dunn, warden of the penitentiary at McAlester, a duly certified copy of this opinion, and upon receipt of the same, said warden is directed to discharge said defendant.

BAREFOOT and DAVENPORT, JJ., concur.