Argle James **JACKSON**, Plaintiff in Error,

v.

**The STATE of Oklahoma**, Defendant in Error.

No. A–15594.

Court of Criminal Appeals of Oklahoma.

Oct. 20, 1971.

Rehearing Denied Jan. 25, 1972.

Elmore Page, Tulsa, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Max A. Martin, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

On the 2nd of June, 1969, information was filed in the District Court of Tulsa County, Oklahoma, Case No. CRF–69–510, charging the Plaintiff in Error, Argle James Jackson, hereafter referred to as Defendant, with the crime of Manslaughter in the First Degree. The information charged that defendant, while driving his Chevrolet Pickup motor vehicle, on March 28, 1969, in Tulsa, Oklahoma, was driving while under the influence of intoxicating liquor at a speed 80 miles per hour in a 25 miles per hour posted speed zone; that he failed to stop at a stop sign at the intersection of 54th Street North and North Lewis Avenue, where his vehicle hit a Volkswagon automobile being driven by Deborah Louise Miles, who died the next day as a result of that accident. The facts surrounding the accident appear not to be controverted.

Mr. Eddie Miles testified that about 5:30 P.M., he, his wife, Deborah Louise Miles, and their infant daughter, departed from their home enroute to his parents' home, where they left the daughter. The witness and his wife went to dinner and a movie, after which they returned to his parents' home, picked up their daughter and were

returning to their own home. Upon reaching the intersection of North Lewis and 54th Street North, without any warning the witness related, he felt the impact of the collision with his vehicle. He seemed to remember only the impact, because he was rendered unconscious and awoke on the ground beside his automobile; he saw his wife, still in the car, a man standing beside him, and a woman kneeling beside him holding his daughter. The witness, his wife, and daughter were taken to the Hillcrest Medical Center in an ambulance, where Mrs. Miles died the next day.

Albert Joe Jones, a voluntary civil defense auxiliary policeman, testified that on the evening of March 28, 1969, he had stopped at the intersection of Uttica and 54th Street North, heading South, when he observed the defendant, driving a 1969 Chevrolet Pickup truck traveling through that intersection, from the West to the East at a speed which he estimated as between 80 and 90 miles per hour. However, on cross-examination the witness related that the pickup was within his view about thirty seconds as it traveled eighteen feet across the intersection at a speed of from 80 to 90 miles per hour. The witness could identify the defendant as the driver, but he could not identify either of the other two men riding with defendant. This witness related that he followed the pickup, but lost sight of it for a short time, and then located it, and the Volkswagon, at the intersection of 54th Street North and North Lewis, where the accident occurred. He testified that he saw the defendant getting out of his pickup and the two other men sitting in it. This witness notified the fire department and returned to the scene of the accident, where he assisted in extricating the people from the Volkswagon. He stated further that he sat in a police car with the defendant, and in his opinion the defendant was intoxicated.

Tulsa Police Officer, Jerry Hughes, testified that he was dispatched to the scene of the accident where he observed three men lying on the ground in front of the pickup. Then he observed the defendant walking to a police car in an unstable manner; and gave his opinion that all three men were intoxicated.

Tulsa Police Officers Kelsey and Green testified that they were at the scene of the accident on the night of March 28, 1969; and that they advised defendant of his constitutional rights. Both officers testified on direct examination that they believed the defendant understood his rights when they were explained to him. They testified further that following the explanation of his rights, defendant waived his rights and stated that he was the driver of the pickup, that he was traveling East on 54th Street North at about 40 miles per hour, and that he stopped at the stop sign. However, on cross-examination, Officer Kelsey stated that in his opinion defendant was not sufficiently mentally aware to give a one hundred percent waiver of his rights. This witness identified State's Exhibit Six as being a certificate showing that defendant had received notification of his rights; but the officer denied that the signature purporting to be his, was in fact, his signature. He stated further that the defendant did not sign the exhibit in his presence.

Three other Tulsa Police Officers testified that after their arrival at the scene of the accident, the defendant was so under the influence of intoxicants that his mental condition impaired his ability to drive an automobile. But they related that his condition was not impaired to such an extent to prevent him from understanding the explanation of his rights.

Dr. Lowbeer, a Pathologist at Hillcrest Medical Center, testified that the victim's death was the result of the automobile accident.

Defendant offered the testimony of Leroy Heffley and his wife, Betty Heffley. Mr. Heffley testified he did not know who was driving the pickup, but that he had assisted the three occupants in getting out of the pickup truck. He testified that defendant was at the scene, but that in his opinion the defendant was not under the influence of intoxicants. Mrs. Heffley corrob-

orated her husband's testimony that they were the first at the scene after the accident, but she did not observe the defendant.

Defendant's trial was conducted in a two-stage proceeding. The jury returned a verdict finding defendant guilty of Manslaughter in the First Degree; following the court's instructions concerning the question of punishment and argument of counsel, the jury returned its verdict assessing defendant's punishment at imprisonment for not less than four (4) years nor more than twelve (12) years. Judgment and sentence was imposed on the 26th day of September, 1969, from which this appeal was lodged.

From the record it is clear that the trial judge instructed the jury under the provisions of 57 O.S.Supp.1968, § 138, on "good time credits" authorized for penitentiary inmates, in the second stage of the trial. In Williams v. State, Okl.Cr., 475 P.2d 622 (1970), this Court held that when that instruction is given, the defendant is prejudiced thereby, and is therefore sufficient grounds, in a two-stage proceeding, to warrant modification of the sentence imposed.

Defendant's petition in error cites eleven alleged errors which he argues in his brief under four propositions summarized as follows: That the trial court committed error, (1) in allowing the impeached testimony of witness Jones to go to the jury; (2) by admitting into evidence the alleged extra-judicial admission of defendant; (3) in allowing certain testimony of Dr. Lowbeer, concerning the autopsy report, which was calculated to arouse the passions and prejudices of the jury; and (4) in conducting the trial in a two-stage proceeding.

■ With reference to the first proposition, whether or not the testimony of a witness is impeached, is a matter for the jury to determine. Defendant asserts that the testimony given by witness Jones was sufficiently impeached by comparison between his testimony given at the preliminary examination and that given at the trial, to prevent its being admitted into evidence. Nonetheless, the weight and credulence to be given to the testimony of the witness still is left to the jury. Whether or not the jury believed that Jones saw the defendant drive through the intersection, was able to identify him, and later saw him as he alighted from the pickup, was a matter for the jury. Credibility is within the exclusive province of the jury to determine. See: Cottrell v. State, Okl.Cr., 458 P.2d 328, 331; and Keck v. State, Okl. Cr., 376 P.2d 525.

■ With reference to the second proposition, as we view the record, the corpus delecti was sufficiently proved; and there was sufficient other independent evidence to support the conclusion that one of the three men in the pickup was driving it when the accident occurred; and the testimony of Witness Jones, if believed by the jury, was sufficient to warrant admission of the defendant's statement into evidence. The record reflects that the trial court conducted an evidentiary hearing outside the presence of the jury on defendant's oral motion to suppress the police officers' testimony, with reference to defendant's admission that he was driving the pickup and found the same to be admissible. We believe the trial court was correct. See: Ward v. State, 92 Okl.Cr. 143, 222 P.2d 173 (1950).

■ Defendant's third proposition complains about the doctor's testimony with reference to the autopsy report, and asserts that it was stipulated that the death was the result of the accident, and therefore the doctor's testimony was used only to arouse the jury's passions and prejudices. We do not accept this proposition. It is required that the State prove, beyond the proximate cause of the death, sufficient facts to sustain the allegations contained in the information. Thus, the State properly proved the extent of injuries to corroborate the testimony related to the physical facts of the accident, and the alleged speed of the pickup truck when the accident occurred. We therefore deny the contention that the purpose of the testimo-

ny was to arouse the passions and prejudices of the jury. In Stumblingbear v. State, Okl.Cr., 364 P.2d 1115 (1961), this Court provided:

> Where a defendant is convicted of manslaughter in causing death while engaged in the commission of a misdemeanor, the unlawful act relied upon as a predicate for manslaughter must be the proximate cause of death.

The fact that evidence may arouse prejudice or sympathy does not in itself necessarily require its exclusion, if the evidence is otherwise relevant. See: Wharton's Criminal Evidence, Vl. 1, § 161, p. 312.

Concerning defendant's complaint that the trial was conducted in a two-stage proceeding, the defendant fails to show how he was prejudiced by that proceeding. While such procedure was not necessary, we fail to see how defendant was prejudiced; and if any error was caused, it would only constitute harmless error.

Coupled with this proposition is complaint of the instruction given concerning the "Good Time Credits" allowed an inmate in the penitentiary, as provided for in 57 O.S.Supp.1968, § 138, which this Court held in Williams v. State, supra, to be sufficiently prejudicial to warrant modification.

We are therefore of the opinion that defendant received a fair trial in accordance with due process of law, and was provided all his constitutional guarantees; however, due to the improper instruction in the second-stage proceeding, defendant's sentence must be modified.

It is therefore the order of this court that the sentence imposed in the District Court of Tulsa County, Oklahoma, case number CRF–69–510, shall be modified from imprisonment for a period of not less than four (4) nor more than twelve (12) years, to be a sentence of four (4) years;

and as modified, the judgment and sentence is affirmed.

Judgment and sentence modified and affirmed.

BUSSEY, P. J., concurs.