Alvin Darnell MAYBERRY, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F-79-526.

Court of Criminal Appeals of Oklahoma.

April 14, 1981.

---

Georgina B. Landman, Williams, Landman & Savage, Tulsa, for appellant.

Jan Eric Cartwright, Atty. Gen., C. Elaine Alexander, Asst. Atty. Gen. of Oklahoma, Oklahoma City, for appellee.

## OPINION

CORNISH, Judge:

The appellant was convicted of Burglary in the Second Degree in Tulsa County Case No. CRF–78–2938 and was sentenced to six (6) years' imprisonment.

On the afternoon of November 12, 1978, the appellant, Alvin Mayberry, went to the home of his ex-wife, Vena Marie Henderson. When refused entrance, the appellant kicked in a door and entered the house.

Vena Henderson's niece fled the scene. The appellant grabbed Vena, and they struggled to the floor. He stripped off the victim's underpants and inserted his fingers into her vagina. She tried to crawl out the front door of the house, but the appellant dragged her back and continued the assault. The victim screamed and yelled, but the assault continued until a man from across the street approached the house with a shotgun.

Further testimony indicated that on February 23, 1979, some four days prior to trial, the appellant called the victim at her place of employment and told her "that he was going to see her, that he was going to be with her in bed again, that no one was going to keep him from her, neither you, nor the sheriff, nor the judge, nor anyone." Ms. Henderson made a cassette recording of this conversation (State's Exhibit No. 1) which was heard by the jury. Although of poor technical quality and therefore not transcribed in the record, the conversation was discernible upon this Court's hearing of the tape.

## I.

The appellant first claims that the State failed to show the intent to rape necessary to establish that the appellant had committed the predicate felony to sustain the charge of Burglary in the Second Degree.[1] Since he never voiced his interest in raping Ms. Henderson, nor exposed his genitals, the appellant contends that one cannot infer the intent to commit rape.

In support of this contention the appellant relies on several cases from other jurisdictions including *State v. Fleming*, 177 S.W. 299 (Mo.1915) and *State v. Williams*, 22 S.W.2d 649 (Mo.1929). These cases stand for the proposition that to sustain a convic-

tion for Assault with Intent to Rape there must be proof of assault; additionally, it must be shown that the accused intended to have intercourse with a female by force and against her will despite any resistance on the part of the female. The court in both *Williams* and *Fleming* ruled that there was insufficient evidence to uphold the Assault with Intent to Rape conviction because the defendant never exercised sufficient force against the female to complete the sexual act despite her resistance.

■ Similarly, in *T. R. M. v. State*, 596 P.2d 902 (Okl.Cr.1979) this Court stated that to constitute Assault with the Intent to Commit Rape, the defendant's intent must be to have intercourse with the prosecutrix despite any resistance. That intent is a question for the trier of fact, whose decision will not be disturbed when it is based upon competent evidence. *Privett v. State*, 336 P.2d 925 (Okl.Cr.1959).

■ The unanswered question is: Did Alvin Mayberry display sufficient force during the assault to complete the act of rape? The testimony established that the appellant threw the victim to the floor, removed her underpants, and inserted his fingers into her vagina. The evidence showed that the appellant used sufficient force to restrain the victim and fondle her genitals. This we think was enough force to rape the victim. Therefore, the State has shown sufficient evidence to support a finding of the substantive elements of the predicate felony.

■ There being sufficient competent evidence to uphold the conviction, and the jury having determined that the appellant had the intent to commit rape based on that evidence, this Court will not disturb the jury's findings. *Matthews v. State*, 91

---

1. Title 21 O.S.1971, § 1435 provides:

   Every person who breaks and enters any building or any part of any building, room, booth, tent, railroad car, automobile, truck, trailer, vessel or other structure or erection, in which any property is kept, or breaks into or forcibly opens, any coin operated or vending machine or device with intent to steal any property therein *or to commit any felony*, is guilty of burglary in the second degree. As amended Laws 1961, p. 232, § 1. [emphasis ours].

Okl.Cr. 285, 218 P.2d 393 (1950) and *Teagarden v. State*, 33 Okl.Cr. 394, 244 P. 63 (1926).

## II.

The appellant next asserts that the trial court committed prejudicial error by admitting into evidence the tape recording without proper authentication of the voices.

■ This Court stated in *Hurt v. State*, 303 P.2d 476 (Okl.Cr.1956), citing *Williams v. State*, 93 Okl.Cr. 260, 226 P.2d 989 (1951), that a tape recording of a conversation between an accused and a witness should be authenticated. Title 12 O.S.Supp.1980, § 2901(B)(5) states that proper authentication of a voice recording is satisfied when there is testimony of an individual who has had past familiarity with the voice on the recording and who also heard the same voice while the recording was being made.

Applying these standards here, there is testimony of the appellant's ex-wife and her co-worker who together made the recording, that the voice on the tape was that of the appellant. Because both women were familiar with the appellant's voice prior to recording the telephone conversation, their testimony concerning the authenticity of the voice was sufficient authentication of the tape recording.

■ The argument is made that the admission of the tape severely prejudiced the appellant and was introduced merely to arouse passion and to inflame the jury. Although it is error to receive evidence designed primarily to arouse the passion of the jury, such evidence is admissible when it is relevant to the issue before the trial court, and its probative value is not outweighed by the danger of prejudice to the defendant. *Clark v. State*, 558 P.2d 674 (Okl.Cr.1977).

■ The fact that evidence may arouse prejudice and sympathy does not in itself require its exclusion if the evidence is otherwise relevant. *Jackson v. State*, 492 P.2d 336 (Okl.Cr.1971). This Court articulated the classic test of relevancy in *President v. State*, 602 P.2d 222 (Okl.Cr.1979) as "whether the evidence has any tendency to make more or less probable a material fact in issue."

■ In the present case the specific intent to commit rape was a material fact in issue. The tape recording of the telephone conversation between the appellant and his ex-wife, though seemingly remote, could be considered relevant by the trial court to show that the appellant had intentions, past and present, of raping his ex-wife. Therefore, if the tape recording prejudiced the jury, that prejudice was outweighed by its probative value in aiding the jury's determination of the appellant's intent. Since the tape recording was properly authenticated, and its probative value outweighed any prejudice to the jury, the admission of the tape into evidence was proper.

For the above and foregoing reasons, the judgment and sentence is AFFIRMED.

BRETT, P. J., and BUSSEY, J., concur.