John Kawaii SOWDER, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–80–426.

Court of Criminal Appeals of Oklahoma.

Aug. 11, 1981.

OPINION

BUSSEY, Judge:

The appellant, John Kawaii Sowder, was convicted of Assault with Intent to Rape, in violation of 21 O.S.1971, § 681, in Tulsa County District Court, Case No. CRF–77–2419, and was sentenced to two (2) years' imprisonment.

On September 4, 1977, at approximately 4 a. m., the prosecutrix returned to her home in Tulsa, from a club, after having picked up her two daughters, ages five (5) years and eight (8) months, respectively, from a babysitter's home. The prosecutrix placed the children in their beds and went into the bathroom to bathe. She soon heard noises, which she thought to be her daughters waking up or getting out of bed; thus, she opened the bathroom door, which opens into her bedroom, but, instead of her daughters, she saw a stranger standing there. At the trial she positively identified the appellant, John Kawaii Sowder, as her assailant.

The prosecutrix testified that she immediately slammed the bathroom door in the intruder's face, but, realizing that he was in the room with her two daughters, she grabbed her robe, put it on, and opened the door. She asked the man "what he was doing in her house." The appellant answered that he wanted to talk to her, and that if she did what he wanted and went along with him, nobody would get hurt. He then pushed the prosecutrix onto the bed, where she started to wrestle with him. However, the appellant opened the prosecutrix's robe, grabbed at her, put his hands on her breasts and stuck his fingers in her vaginal area. The prosecutrix continued wrestling and pleading with the appellant to leave. The commotion awakened her five year old daughter who started to run from the house. The appellant grabbed the child and pushed her down on the bed with her mother, who renewed her struggle with even greater vigor until the child took off running again. The prosecutrix testified that the appellant then became scared and said: "It isn't worth it," and walked out.

R. W. Byars, Tulsa, for appellant.

Jan Eric Cartwright, Atty. Gen., Reta M. Strubhar, Asst. Atty. Gen., Oklahoma City, for appellee.

The prosecutrix immediately called the police, explained to them what had happened and gave them an accurate, detailed description of the assailant, stating, that because of the good lighting conditions and the length of time that he was in her home, she could positively identify the assailant.

As his first assignment of error, the appellant complains that the trial court erred in overruling his demurrer to the evidence and motion for a directed verdict due to insufficiency of the evidence. He argues that there was no showing in the State's evidence that the unknown intruder had any intent to rape the prosecutrix, as there was never any conversation or acts that indicated or implied that rape would be the conclusion. He relies upon *Cape v. State*, 61 Okl.Cr. 173, 66 P.2d 959 (1937); *Kitchen v. State*, 66 Okl.Cr. 423, 92 P.2d 860 (Okl.Cr. 1939); and *Teagarden v. State*, 33 Okl.Cr. 394, 244 P. 63 (Okl.Cr.1926), in arguing that there must be felonious or specific intent shown either by direct testimony or from the facts and circumstances surrounding the incident.

The prosecutrix testified to the following: the assailant said, "he was just out for a good time and if I did what he wanted and went along with him, nobody would get hurt"; "he pushed me down on the bed, and we were wrestling, and he opened my robe"; he was putting them [his hands] on my breasts and started sticking them in the vaginal area"; "he was trying to get his clothes off, but he couldn't because I kept pushing him off"; and that finally "he got scared and said: 'It isn't worth it,' and walked out."

██ The State in its brief agreed with the fundamental principle set out in *Kitchen*, supra, 92 P.2d on page 864:

The specific intent to commit rape is an essential element both of attempt to rape and assault with intent to rape.

And in *Teagarden*, supra, 244 P. on page 64:

. . . The existence of a specific intent in the mind of defendant then and there to have carnal connection with the female is an essential element of the crime of assault with intent to commit rape.

Further, in the case of *Colbert v. State*, 567 P.2d 996 (Okl.Cr.1977), this Court stated:

. . . while it is true that the defendant's intent must be to have intercourse with the prosecutrix in spite of any resistance she might make, *Cape v. State*, 61 Okl.Cr. 173, 66 P.2d 959 (1937), and that mere licentious conduct, or even violent familiarity is not enough, it is also true that intent is a question of fact for the jury, whose decision we will not disturb when it is based upon competent evidence. Further, the fact that the defendant stopped short of actually having intercourse with the prosecutrix is of no consequence because the act of assault with intent to rape was completed at the moment defendant first laid hands on the victim with intent to rape. See, *People v. Bradley*, 71 Cal.App.2d 114, 162 P.2d 38 (1945). In *Privitt v. State*, Okl.Cr., 336 P.2d 925 (1959), in Syllabus No. 3, this Court stated:

On a charge of assault with intent to rape, what the assailant meant to do, and the manner in which he intended to accomplish his purpose, whether by persuasion, force, or fear, is a question of fact to be determined by the jury; and an appellate court should not disturb their finding simply because conflicting inferences may reasonably be deduced from the evidence.

In the instant case the testimony of the prosecuting witness concerning statements made by the defendant and her testimony relating to the manner in which the assault was committed amply support the jury's conclusion that the defendant did commit the assault with intent to rape. The appellant's first assignment of error is without merit.

██ As his second assignment of error, the appellant complains of alleged error by the trial court in allowing improper, inflammatory and prejudicial remarks by the assistant district attorney during closing argument. In *McDonald v. State*, 553 P.2d

171 (Okl.Cr.1976), this Court stated in the body of its opinion that:

> This Court has long observed the general rule as observed in the fourth paragraph of the Syllabus to *Bell v. State*, 381 P.2d 167 (Okl.Cr.1962), as follows:
>
> > The right of argument contemplates a liberal freedom of speech, and the range of discussion, illustration and argumentation is wide. Counsel for both the State and the defendant have a right to discuss fully from their standpoint the evidence and the inferences and deductions arising from it. It is only when argument by counsel for the state is grossly improper and unwarranted upon some point which may have affected defendant's right that a reversal can be based on improper argument.

Further, in *Sands v. State*, 542 P.2d 209 (Okl.Cr.1975), this Court stated that:

> The determination of whether or not conduct and remarks of counsel will serve as a basis for reversal is contingent upon the effect which said remarks have on the rights of defendant. We must keep in mind that the defendant's rights are of utmost importance and if remarks of the prosecutor, though inappropriate or rude, do not affect the rights of the defendant, then they shall serve no basis for reversal. In *Kite v. State*, Okl.Cr., 506 P.2d 946 (1973) and *Pickens v. State*, Okl. Cr., 450 P.2d 837 (1969), this Court held that for remarks of the prosecuting attorney to constitute reversible error they must be flagrant and of such a nature as to be prejudicial to the defendant.

In the instant case we find that there was ample evidence to support the verdict of the jury, and the remarks of the prosecuting attorney were not such as to have actually influenced the jury in arriving at its verdict. The appellant's second assignment of error is without merit.

The judgment and sentence is AFFIRMED.

BRETT, P. J., and CORNISH, J., concur.