## J. A. WEST v. STATE.

No. A-4457. Opinion Filed May 3, 1924.
(225 Pac. 556.)

(Syllabus.)

1. **Lewdness—Indecent Acts in Private by Man with Female Child not Within Statute.** The commission of reprehensible indecent acts by a man of mature years with a female child of tender years, where no physical injury resulted, and where the acts complained of were done in private, does not come within the provisions of section 2287, Compiled Statutes 1921, commonly known as the statute against outraging public decency.

2. **Statutes—Scope and Operation of Penal Statute not Enlarged Beyond Commonly Accepted Meaning.** Courts will not ordinarily, by judicial construction, enlarge the scope and operation of a penal statute beyond the commonly accepted meaning of the language of the statute, or of its clearly expressed limitations.

Appeal from County Court, Carter County; M. F. Winfrey, Judge.

J. A. West was convicted of outraging public decency, and he appeals. Reversed.

Bass & Hardy and H. A. Hicks, for plaintiff in error.

The Attorney General and N. W. Gore, Asst. Atty. Gen., for the State.

BESSEY, J.  J. A. West, plaintiff in error, here referred to as the defendant, was by verdict of a jury, rendered August 16, 1922, convicted of a violation of section 2287, Compiled Statutes 1921, commonly known as the offense of outraging public decency.  His punishment was fixed at a fine of $500 and imprisonment in the county jail for a term of 12 months.  From a judgment on the verdict, he appeals.

The statute upon which this accusation was based (section 2287, supra), reads as follows:

"Any person who willfully and wrongfully commits any act which grossly injures the person or property of another, or which grossly disturbs the public peace or health, or which openly outrages public decency and is injurious to public morals, although no punishment is expressly prescribed therefor by this chapter, is guilty of a misdemeanor."

The defendant, a man 40 years of age, was charged with grossly immoral conduct with a female child 9 years old, by holding her in his lap and taking indecent liberties with her person.  The offense is said to have been committed in a private house then being built by the accused and nearly completed, in the vicinity of a public playground in Ardmore, where children were in the habit of assembling for purposes of amusement.

There is testimony tending to show that the mother of the child and the accused had had some difficulty on account of the disposition of some insurance money, and that the prosecution would abate in the event the money was paid to the mother.

The information charges, first, that the indecent act set out constituted an assault which was grossly injurious to the person of the child; and, second, that the acts charged openly outraged public decency.

Defendant testified in his own behalf and denied the accusation in toto. Defendant claims that the evidence is insufficient to support the verdict, and that, if the evidence of the child were indeed true, the same failed to support some of the essential averments of the information.

The testimony of the child was to the effect that an indecent assault and battery had been committed upon her person, but without any physical injury to her person. The act, according to her testimony, was committed in a private place. There was no testimony by any other witness that the accused committed an indecent act. No showing was made that the act was done in a manner "openly outrageous to public decency and injurious to public morals," as set out in the information and as provided by statute. If the testimony of the child is to be believed, the conduct of the accused, reprehensible as it was, was not open and notorious within the meaning of this statute. As was pointed out by this court in the case of Roberts et al. v. State, 27 Okla. Cr. 97, 225 Pac. 553, in an opinion rendered April 26, 1924, this statute was not designed to correct every moral dereliction. It is in a sense a police regulation, designed to protect the public peace by suppressing open and notorious acts having a tendency to outrage public decency and corrupt the public morals. The facts proved in this case do not bring it within this rule.

The terms of the statute might have been made broad enough to cover an outrage such as was charged here, and to some extent proved. But this court would not be justified in enlarging the scope of operation of a blanket criminal law

beyond the commonly accepted meaning of the words of limitation contained in the statute. In this state we have no constructive crimes or crimes by implication. The courts are bound to administer criminal law within the express limitations fixed by the Legislature. State v. Clifford, 3 Okla. Cr. 421, 106 Pac. 557; 25 R. C. L. Statutes, §§ 217, 218, 222, and cases cited.

From the record it would seem that the evidence tending to establish that the defendant was guilty of indecent conduct and that tending to disprove it was about evenly balanced. This girl of tender years, under the influence of an unfriendly mother, testified to facts indicating that the accused was a moral degenerate. He, on the contrary, denied any improper conduct. None of the other witnesses could enlighten the jury on this issue, except to state that they saw the accused and the little girl in and about this house on this particular evening.

It will not be necessary, and indeed would be improper, for this court to decide this issue of fact, but for the other reasons mentioned the cause should be reversed, and it is so ordered.

MATSON, P. J., and DOYLE, J., concur.