# MONT HULSEY v. STATE.

No. A.-10794.   March 24, 1948.
(192 P. 2d 301.)

274

Sigler & Jackson and Champion, Champion & Wallace, all of Ardmore, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

JONES, J. The defendant, Mont Hulsey, was charged by information filed in the county court of Carter county with the alleged crime of "Taking Indecent Liberties with the Person of a Child," was tried, convicted, and

sentenced to serve one year in the county jail, and has appealed.

The proof of the state showed that three workmen, while engaged in repairing a roof on a building on Main street in the city of Ardmore, saw the defendant sitting in the seat of an automobile parked on Main street with a small girl. The defendant had raised the girl's dress and seemed to be playing with her privates. The men watched the occurrence for a few minutes and saw the the young girl leave and go into a department store. The men notified the chief of police who later arrested defendant.

Geneva Lynn Shankles testified that she was ten years of age on April 18, 1945, at the time of the alleged occurrence between her and defendant; that she had known the defendant about six years; that she saw him parked in front of the Squeeze Inn and he called her over to the car; that defendant opened the car door and she got in and sat down; that he pulled up her dress and commenced to play with her privates; that she sat there with him and let him play for fifteen minutes; that he then gave her fifteen cents and she left and went to Daube's store. She further testified that he had played with her in that manner on other occasions but did not give any specific dates.

On behalf of the defendant a Doctor testified that the defendant was a veteran of World War I; that he had had a nervous breakdown and had been sent to the Veterans Hospital at Muskogee for treatment; that upon being released from the Veterans Hospital the Doctor had had him under observation and treatment for his nervous ailment. He testified on cross-examination that

a large part of defendant's trouble had been aggravated by his drinking.

The defendant testified in his own behalf and said that he had known the little girl for about six years; that on the day previous to the occurrence he had worked at the Jones Furniture Store and commenced to feel badly; that he commenced drinking and did not remember anything; that he was later arrested by the chief of police; that he had two sons and a daughter and three grandchildren. On cross-examination he testified that he had drunk about five bottles of beer and was parked in his automobile waiting for his wife to get off from work. Defendant also introduced proof of his good reputation in the community where he resided as being a peaceable, law-abiding citizen.

The first proposition presented on behalf of defendant is that the evidence is insufficient to sustain a conviction under the general statute relied upon by the state which provides:

"Every person who wilfully and wrongfully commits any act which grossly injures the person or property of another, or which grossly disturbs the public peace or health, or which openly outrages public decency, and is injurious to public morals, although no punishment is expressly prescribed therefor by this Code, is guilty of a misdemeanor." Tit. 21, § 22, O. S. 1941.

This statute has been construed by this court in a number of cases. In the early case of Steward et al. v. State, 4 Okla. Cr. 564, 109 P. 243, 32 L. R. A., N. S., 505, it is stated:

"It is the exclusive province of the Legislature to declare what shall constitute a crime, but it is the duty of the courts to determine whether a particular act done or omitted is within the intendment of a general statute.

"The Legislature in creating an offense may define it by a particular description of the act or acts constituting it, or it may define it as any act which produces, or is reasonably calculated to produce, a certain defined or described result."

In State v. Lawrence, 9 Okla. Cr. 16, 130 P. 508, it was held that before an act could be punishable under the above statute, it must be publicly and openly done.

In the later case of Roberts et al. v. State, 27 Okla. Cr. 97, 225 P. 553, 555, this court, is discussing the applicability of said statute, stated:

"The true rule of interpretation of this statute should be and is that any act which is so grossly immoral as to shock the sense of decency of self-respecting people as a whole, or any act manifestly indecent and repugnant to the usages and customs of civilized society, or any act which is unquestionably criminal, though not covered by any other criminal statute, is a violation of the act."

In West v. State, 27 Okla. Cr. 125, 225 P. 556, the defendant was charged with committing acts similar to those allegedly committed by defendant in the instant case, except that the acts were committed in a private home and not in a public place. In reversing the conviction it was stated:

"The testimony of the child was to the effect that an indecent assault and battery had been committed upon her person, but without any physical injury to her person. The act, according to her testimony, was committed in a private place. There was no testimony by any other witness that the accused committed an indecent act. No showing was made that the act was done in a manner 'openly outrageous to public decency and injurious to public morals,' as set out in the information and as provided by statute. If the testimony of the child is to be believed, the conduct of the accused, reprehensible as it was, was not open and notorious within the meaning of

this statute. As was pointed out by this court in the case of Roberts et al. v. State, 27 Okla. Cr. 97, 225 P. 553, in an opinion rendered April 26, 1924, this statute was not designed to correct every moral dereliction. It is in a sense a police regulation, designed to protect the public peace by suppressing open and notorious acts having a tendency to outrage public decency and corrupt the public morals. The facts proved in this case do not bring it within this rule."

See, also, Hall v. State, 67 Okla. Cr. 330, 93 P. 2d 1107; Kitchen v. State, 66 Okla. Cr. 423, 92 P. 2d 860; Fessler v. State, 12 Okla. Cr. 579, 160 P. 1129; Rachel v. State, 71 Okla. Cr. 33, 107 P. 2d 813, 814.

In Rachel v. State, supra, the following rules of law were adopted:

"The provision of the statute making it an offense to commit any act which openly outrages public decency and is injurious to public morals is directed against acts which are committed openly and affect the public. Penal Code, sec. 1769, 21 Okla. St. Ann. § 22.

"The term 'openly' as used in the statute providing that every person who willfully and wrongfully commits any act which openly outrages public decency and is injurious to public morals is guilty of a misdemeanor, means in an open manner, not clandestinely, not privately or in private, and is used in the sense of not being concealed as opposed to being hidden or secret. Pen. Code, sec. 1769, supra."

It is our conclusion after a consideration of the statute and the above decisions that if the defendant had been clearly charged with a violation of the above statute, Tit. 21, § 22, O. S. 1941, the evidence on behalf of the state wherein it was shown that the acts allegedly committed by defendant were open to the view of the public on Main street would have been sufficient to have sustained the conviction.

This brings us to the consideration of the other two propositions presented on behalf of the defendant which may be considered together, and that is whether the information states an offense and whether the court erred in failing to give the jury a complete set of instructions.

The information filed against the defendant described the crime as "Taking Indecent Liberties With the Person of a Child." In the charging part of the information it is stated:

"That the said Mont Hulsey, on the day and year aforesaid, and in the County and State aforesaid, did, in a public place, on Main Street of the City of Ardmore, in said County and State, unlawfully and wrongfully take indecent liberties with the body and person of one Geneva Lynn Shankles, being then and there a female infant ten years of age, in that the said Mont Hulsey did carnally abuse the said Geneva Lynn Shankles with his hands at said place as aforesaid, which acts were open to view of the citizens of the City of Ardmore, in the County and State aforesaid, and all of which acts openly outraged public decency and were injurious to public morals, contrary to the form of the Statutes, in such cases made and provided, and against the peace and dignity of the State."

Prior to the passage and approval of House Bill No. 397 of the 20th Legislature on May 5, 1945, 21 O. S. Supp. § 1123, we had no statute specifically prohibiting conduct such as was indulged in by the defendant on the occasion in question. Since said act was passed subsequent to the time of the commission of the alleged crime by defendant, it would not control in the disposition of this case; but, if he is to be punished, it is solely because the information charges an offense under the general statute hereinabove quoted which prohibits "an act which openly outrages public decency and is injurious to public morals."

In Bristow v. State, 86 Okla. Cr. 97, 189 P. 2d 629, it was held:

"The introductory paragraph of an information is ordinarily equivalent to a mere descriptive label. The charging part of the information must be examined to determine the character of the offense, if any, set forth in the information."

Although the introductory paragraph of the information describes the offense which the defendant is alleged to have committed as being the crime of "Taking Indecent Liberties With the Person of a Child," the charging part of the information states that the act was done, first, in a public place on Main street in the city of Ardmore; second, the specific act is described as carnally abusing Geneva Lynn Shankles, age 10 years, with his hands in open view of the citizens.

The words "carnal abuse" are defined as an act of debauchery of the female sexual organs by those of the male which does not amount to penetration. Black's Law Dictionary, Third Edition.

We think that the information should have been made more specific by alleging the specific act or acts committed by the defendant, but this court is committed to the view of placing a liberal interpretation on informations and sustaining them where it alleged the elements of the offense sufficiently to apprise the defendant of he must be prepared to meet. Vincent v. State, 75 Okla. Cr. 128, 129 P. 2d 214. In accordance with this view this information and conviction would probably be sustained if it were not for the fact that the court in construing the information failed to sufficiently define the essentials of the offense in his instructions.

In instuction No. 1 the court detailed the information filed against defendant. The trial court then instructed the jury that the defendant was charged with violating the statute which we have hereinabove quoted. An instruction was then given concerning the competency of the evidence pertaining to the good reputation of the defendant. Another instruction was given upon the plea of temporary insanity and then an instruction was given which advised the jury as follows:

"If you find from the evidence beyond a reasonable doubt that the defendant, Mont Hulsey, is guilty as charged in the information, you will so say by your verdict and fix his punishment at a fine not exceeding $500.00 or imprisonment in the County Jail not exceeding one year, or by both such fine and imprisonment. (Defendant excepted to the giving of this instruction. Exception overruled. Defendant excepted to the ruling of the Court.

"John E. McCain Judge"

Nowhere in the instructions did the court attempt to define or explain the offense with which the defendant stood charged. One of the defenses interposed was that the act if committed by the defendant was not openly done and it was shown on cross-examination of the state's witnesses that the defendant was sitting in his automobile with many people passing by within a few feet of his car without noticing any action on the part of defendant which was sufficient to attract their attention. The witnesses who were on the top of the building testified that several people passed by the car during the time the defendant had the little girl in the car with him, and that apparently none of them observed what was being done. Based on this evidence and the interpretations placed upon the statute relied upon by the state for a conviction, the defendant was entitled to an instruction defining the

offense in such a manner as to submit to the jury the issue as to whether the act complained of was open to the view of the public in such a manner that it offended public decency.

We have hereinbefore quoted from the decisions in the case of Roberts v. State, supra; West v. State, supra; and Rachel v. State, supra; in which this court laid down the tests for interpretation of the statute, and these rules of law or ones in substance should be given to the jury for their guidance in determining whether the acts committed are an offense under the statute. As the case was submitted to the jury the information and all of the conversation concerning the information was directed to the alleged crime of "Taking Indecent Liberties With the Person of a Child," and without a definition of the elements of the offense the jury might have thought it their duty to find the defendant guilty of "Taking Indecent Liberties With the Person of a Child," even though they might have thought at the same time that the act was not openly and publicly committed in such a manner as to offend public decency and injure public morals.

In West v. State, supra, this court stated in the syllabus:

"The commission of reprehensible indecent acts by a man of mature years with a female child of tender years, where no physical injury resulted, and where the acts complained of were done in private, does not come within the provisions of section 2287, Compiled Statutes 1921, [21 O. S. 1941, § 22], commonly known as the statute against outraging public decency."

This is one of those border line cases which is now clearly made criminal under provisions of the 1945 legislative act, supra, but which were not a violation of Tit.

21, § 22, O. S. 1941, supra, unless committed openly and publicly prior to the passage of the 1945 act.

Because the instructions did not definitely and clearly apprise the jury of the essential elements of the offense charged against the defendant, the case is reversed and remanded with instructions to grant the defendant a new trial.

BAREFOOT, P. J., and BRETT, J., concur.