**William Darrel PATTY, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–16662.**

Court of Criminal Appeals of Oklahoma.

Nov. 24, 1971.

Rehearing Denied Dec. 10, 1971.

Gayle Welcher, Norman, for plaintiff in error.

Larry Derryberry, Atty. Gen., Sondra Leah Fogley, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

William Darrel Patty, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Cleveland County, Oklahoma, for the offense of Outraging Public Decency; his punishment was fixed at thirty (30) days in the county jail and a fine of $100.00, and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the non-jury trial, Lester Pierce testified that he was the supervisor over the custodians at the Memorial Union Building on the Oklahoma University Campus. On May 22, 1970, he observed the defendant walking around the Union Building wearing a white T-shirt with the word "FUCK" printed on it in bold, red letters. That evening, he observed the defendant enter a concert in the Will Rogers Cafeteria wearing the same T-shirt. He testified that there was a mixed crowd of between forty to fifty people in the cafeteria. He testified that there were a "few disturbed, and then there were some who didn't pay any attention." He further testified that after talking to several of the people, he called the campus police:

William Roberson testified that he was a police officer with the University of Oklahoma Police Department. He first observed the defendant sitting at a table in the cafeteria of the Union Building. There were approximately forty people in the cafeteria, mostly couples. After observing the T-shirt of the defendant, he placed the defendant under arrest for Outraging Public Decency. The defendant was not wearing a coat and was not attempting to hide the letters on the shirt.

The defendant did not testify, nor was any evidence offered in his behalf.

■ The defendant's first three propositions assert that 21 O.S.1961, § 22 is unconstitutional in that the statute is too broad and vague and is in violation of the Sixth

and Fourteenth Amendments of the Constitution of the United States and Article 2, Section 7 of the Constitution of the State of Oklahoma, and therefore void. In dealing with a similar question in the early day of our statehood in State v. Lawrence, 9 Okl.Cr. 16, 130 P. 508, this Court stated:

" * * * [W]hen a statute uses words and terms which are of settled legal meaning or which indicate offenses known to and defined by the common law, the statute is sufficient, and should be sustained. Greater certainty in describing an offense is never necessary than the nature of the subject-matter dealt with will reasonably admit. * * * Reasonable certainty is all that is required. It is true that the language of section 2782 is general, yet the words and terms which it uses in describing the offenses therein created are of settled meaning and indicate offenses well known to and defined by the common law. As every man is charged with knowledge of the law, we cannot see how it can be said that a person of ordinary understanding could fail to know what offenses were intended to be created by the section in question. * * *

" * * * We are of the opinion that section 2782 is not void for uncertainty and that it is valid and enforceable, and that any act which is willful and wrongful and which results in grossly disturbing the public peace, or openly outrages public decency, or injures public morals, is within its terms, and constitutes an offense against the laws of the state of Oklahoma."

See also Stewart v. State, 4 Okl.Cr. 564, 109 P. 243 and Hulsey v. State, 86 Okl.Cr. 273, 192 P.2d 301. We, therefore, find these propositions to be without merit.

Defendant has filed a supplemental brief in which he cites as additional authority Cohen v. State of California, 403 U.S. 15, 91 S.Ct. 1780, 29 L.Ed.2d 284 (1971). In *Cohen,* supra, the United States Supreme Court reversed a California conviction, wherein the defendant was charged with maliciously and wilfully disturbing the peace or quiet of any neighborhood or person by offensive conduct by wearing a jacket bearing the words "Fuck the Draft." In discussing Cohen's right to express his feelings toward the Selective Service System protected by the First and Fourteenth Amendments, the Court stated:

"This is not, for example, *an obscenity case.* Whatever else may be necessary to give rise to the States' broader power to prohibit obscene expression, such expression must be, in some significant way, erotic. Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957). It cannot plausibly be maintained that this vulgar allusion to the Selective Service System would conjure up such psychic stimulation in anyone likely to be confronted with Cohen's crudely defaced jacket." [Emphasis added].

We observe, in the instant case, that the information charged the defendant as follows:

"That is to say, the said defendant, William Darrel Patty, in the County of Cleveland, State of Oklahoma, on or about the 22nd day of May, 1970, did then and there wilfully and wrongfully commit the act injurious to public morals and which openly outraged public decency by then and there wearing a shirt with *obscene language printed on the front in the presence of persons in a public place,* to-wit: Will Rogers, Cafeteria, Student Union Building in Norman, Oklahoma, Cleveland County." [Emphasis added].

■ In spite of the so-called sexual revolution and the liberalization of the morals and mores of our "now generation," we have not reached the point where the word "fuck" can be placed on the blackboards of every public school for the enlightenment of our children, nor do we deem it appropriate for such a T-shirt to be worn in dining halls of our centers of higher education or in the sanctuary of our churches. In summary, we are of the opinion, and

therefore hold, that the word "fuck" is an obscenity in the State of Oklahoma.

In conclusion, we observe the record is free of any error which would justify modification or require reversal. The judgment and sentence is affirmed.

BRETT, Judge (specially concurs).

I concur in this decision and distinguish the instant case from Cohen v. California, supra, by the reason that in Cohen's case he was communicating his opinion of the draft; whereas in the instant case there is no communication, but instead the flagrant use of a single foul, lewd, coarse and smutty four-letter word. The intention of the defendant herein to openly outrage the public decency is drawn from the appearance on his T-shirt of the single, large, red block lettered word "FUCK." The fact that he wore it into the public cafeteria reveals his desire to startle, horrify and scandalize those who viewed him wearing his T-shirt. Even among some of his own peers the word contains an abusive and undesirable connotation, and is offensive.

With reference to the use of the four-letter words, Ashley Montagu, in his book, *The Anatomy of Swearing,* says the following:[1]

"The four-letter words are stronger because they deliver a fusillade from both barrels at once, the profane and the obscene. And it is presumably for this reason that there has been so much resistance to these words. The emotional charges carried by some words are so great that they can make the difference between life and death and all the states of being in between. They can raise men up and strike them down, elevate and depress them, infuriate and amuse them, shock and physically repel them. Such words are dangerous, and so they come to be forbidden, tabooed. Both the individual and society must be protected against the unconscious, irrational anxi-

eties that such words are capable of evoking so anarchically." [at page 302].

\* \* \* \* \* \*

"In a certain sense Edward Sagarin, in his book *The Anatomy of Dirty Words,* is quite right when he says that there is only one four-letter word in the English language. *Fuck* is, indeed, the nonpareil of all the foulest and most inadmissible of all swear-words, four-lettered or otherwise. However, as everyone knows, there are other four-letter words not of equal potency, to be sure, but powerful enough to provide an inexhaustible reservoir of energy for the swearer's uses." [at page 303].

" 'Resort to epithets or personal abuse is not in any proper sense communication of information or opinion safe-guarded by the Constitution, and its punishment as a criminal act would raise no question under that instrument.' Cantwell v. Connecticut, 310 U.S. 296, 309; 84 L.Ed. 1213, 1221; 60 S.Ct. 900, 128 A.L.R. 1352."[2]

While citing the *Chaplinsky* decision in Cohen v. California, supra, the Honorable United States Supreme Court said:

"This Court has also held that the States are free to ban the simple use, without a demonstration of additional justifying circumstances, of so-called 'fighting words,' those personally abusive epithets which, when addressed to the ordinary citizen, are, as a matter of common knowledge, inherently likely to provoke violent reaction."

Admittedly, the four-letter word with which this case is concerned was not used in Chaplinsky v. New Hampshire, supra, but the abusive effect is nonetheless present to outrage public decency.

Finally, the members of this Court are fully aware of the numerous different meanings ascribed to the word, but we also observe that the basic and first meaning denoted to it relates to the act of sexual

1. A. Montagu, *The Anatomy of Swearing;* The McMillan Co., N.Y.1967.

2. Chaplinsky v. New Hampshire, 315 U.S. 568, 62 S.Ct. 766, 86 L.Ed. 1031 at page 1035 (1942).

relations. And, as Judge Bussey states, notwithstanding the so-called sexual revolution and the liberalization of the morals and mores of the now-generation, we are not constrained to provide the word with the decency sought to be imputed to it. I, therefore, concur with Judge Bussey that its use, as the facts of this case reveal, is not that type of communication protected by the First Amendment to the United States Constitution.

Rehearing Denied Dec. 10, 1971.